LORENZO D. STONE vs. HUBERT HAWKINS AND ANOTHER.

New London Co., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Where jurisdiction is possible and has been taken, every presumption supports it.

The plaintiff brought an action to the Court of Common Pleas, claiming $150 damages, and recovered judgment for $85, the complaint containing only the common counts. It was necessary to the jurisdiction of that court that the matter in demand should exceed $100. The defendant was defaulted and the plaintiff on taking judgment filed a bill of particulars showing a balance of account due him of only $65. The plaintiff filed a judgment lien upon real estate of the defendant and afterwards brought a suit to foreclose the lien, to which the defense was set up that the judgment was void for want of jurisdiction. The plaintiff, to meet this claim, introduced the testimony of the judge of that court that a claim of interest was made which if allowed would have brought the matter in demand above $100. Held—

1. That parol evidence was admissible to prove this fact, and that the testimony of the judge was the best evidence.

2. That in the absence of evidence upon the point the law would take note of the running of interest on the principal due.

3. That it did not affect the case that the court did not allow all that was claimed, and rendered judgment for less than $100.

4. That the court was therefore to be regarded as having had jurisdiction.

The defendant lived out of the state, and the land attached in the suit was a part of an estate in the course of settlement to which the defendant was entitled as one of the heirs. The statute (Rev. 1888, § 910), requires that if the defendant in such a suit has no agent within the state, a copy of the writ shall be left by the officer " with him who has charge or possession of the estate attached." Held that the administrator was the proper person with whom to leave the copy, rather than a person occupying as a tenant of the administrator.

[Argued October 19th, 1887—decided January 13th, 1888.]

SUIT to foreclose a judgment lien, brought to the Court

of Common Pleas of New London County and heard before
*Crump, J.*  Thomas Mabbett was made a defendant after
the suit came into court, and alone made defense, the
defendant Hawkins not appearing.  Facts found and judg-
ment rendered for the defendant, and appeal by the plaintiff.
The case is fully stated in the opinion.

*S. S. Thresher* and *A. Denison*, for the appellant.

*S. Lucas*, for the appellee.

PARDEE, J.   On or about August 21st, 1885, the plaintiff
brought his action of assumpsit against Hawkins, a resident
of Massachusetts, claiming $150 damages, and made his writ
returnable to the Court of Common Pleas for the county of
New London at the October term, 1885.  All causes at law
wherein the matter in demand exceeds one hundred dollars
and does not exceed five hundred are within the jurisdiction
of that court.   Upon this writ he attached a piece of land
belonging to Hawkins, situated in Groton in this state.  The
officer served this writ of attachment by leaving a true and
attested copy thereof with the town clerk of the town of
Groton, with an indorsement of his doings thereon, together
with a certificate of attachment in due form.  He subse-
quently left a like certificate and copy with one Avery of
Groton, describing him as the agent of Hawkins.  On Sep-
tember 1st, 1885, Thomas Mabbett became the *bona fide*
purchaser of this land from Hawkins, without knowledge of
the previous attachment.  He was brought in as a defendant
in the case after the suit was brought.  Avery was the ad-
ministrator upon the estate of Edwin P. Hawkins from whom
the defendant Hawkins inherited the land in question, and
the estate was in process of settlement in August, 1885,
when a copy of the writ was served upon him.  At the time
of such service one Stillman was in the actual possession and
visible occupancy of the land as tenant, paying rent to the
administrator.   The writ was duly returned to court; in
pursuance of an order actual notice was given to Hawkins,

but he made default of appearance ; and in April, 1886, the plaintiff had judgment against him for $85.65 damages and $35.54 costs, and on May 28th, 1886, he filed a certificate of judgment-lien upon the land, to foreclose which is the purpose of this suit. The defendant in his answer sets up the defense that the matter in demand in the suit was only $65.85, and was not within the jurisdiction of the Court of Common Pleas, and that the judgment was therefore void. The defendant Hawkins made default of appearance and the defendant Mabbett alone made defense. The complaint of the plaintiff against Hawkins contained the common counts only. At the assessment of damages the plaintiff filed a bill of particulars in which Hawkins was charged with $188.14, and credited with $122.25, the balance being $65.89.

Upon the trial of this complaint for foreclosure the plaintiff offered in evidence a copy of the judgment against Hawkins, and the testimony of the judge who rendered it, that upon the assessment of damages the plaintiff claimed interest upon the above balance of $65.89, sufficient in amount to make his claim more than one hundred dollars. This was received against the objection of the defendant Mabbett. The court found as a fact that the matter in demand in the action at law against Hawkins was not over one hundred dollars, and that the plaintiff's claim against him did not exceed that sum.

The court rendered judgment in favor of the defendant Mabbett, holding the judgment of the Court of Common Pleas void for want of jurisdiction. The plaintiff appeals, on the ground that the court erred in so holding.

As has been said, the complaint included what are known as the common counts, and demanded one hundred and fifty dollars damages. The defendant Hawkins making default of appearance, of course there was neither answer nor motion nor order for specification of items. The plaintiff would have been entitled to a judgment upon satisfactory oral proof of his right thereto. It was legally possible that he should have a valid claim which he had never made the subject of a charge on book, which he had never reduced to

writing in any form, and of which the debtor had never given him any written acknowledgment. If in such a case the defendant is so indifferent as to what may enter into a judgment against him as to omit appearance in court, there is no legal obligation upon either the plaintiff or the court to be more anxious to protect him than he is to protect himself. The plaintiff has discharged his duty when he has established the exact truth by oral testimony ; the court has discharged its duty when it has given judgment for an amount legally proven to its satisfaction. This manner of conducting judicial proceedings is very convenient, and it concerns the parties solely ; the public has no interest in it ; either party can compel as much of specification, writing, record and defense against the future as he may desire, or he may omit to ask for any. Each party is consenting to the record as it may be made and must accept the legal results. One of these is this : if subsequently it should become necessary for either to prove what actually formed the basis of the judgment, of necessity that fact must be established by oral testimony; and upon the principle that the best is first to be resorted to, the testimony of the judge who determined what items should be included therein is admissible. *Supples* v. *Cannon*, 44 Conn., 424, and the exhaustive note of the reporter thereto. If not required he was under no legal necessity at any time to do more than announce to the clerk the sum for which judgment should be entered. It may be that his oral testimony exhausts all possibilities. He does not change or impeach a record ; he does not substitute a new one.

In the case before us the judge testified that Hawkins owed the plaintiff $65.89 principal; in the absence of proof of an agreement to the contrary, the interest, as a matter of course, attends deferred payment. Of legal necessity, even in the absence of computation or statement by the plaintiff, the law would take note of the time and make the computation for him and add the result to the principal. Equally with the principal it assists in making the aggregate of his damages. The testimony of the judge is that his claim for interest carried that aggregate above one hundred dollars.

'The fact that a part of his claim for damages for detention of money was not allowed, is of no legal significance. Jurisdiction possible—jurisdiction taken—every presumption supports the judgment. The finding that the matter in demand in the original suit was less than one hundred dollars, as we understand it, means that the principal due to the plaintiff was less than that sum, and that his claim for interest could not as a matter of law be considered in determining the question of jurisdiction. But in this there was error. It results therefore that the Court of Common Pleas had jurisdiction of the cause and of the parties and that its judgment conclusively binds them and all persons claiming under them to this extent, namely, that the plaintiff secured by his attachment the right to apply the land to the payment of his debt. This judgment of a court of general jurisdiction, having a clerk and a seal, binds all persons, and of course is beyond the reach of the defendant Mabbett. The statute, Gen. Statutes, 1888, § 910, requires the officer when attaching real estate belonging to a non-resident, to leave a copy of the process with his doings indorsed thereon with the person who has charge or possession of the estate attached. This statute intends to provide for notice to the person who presumptively has the greatest interest in defending the land from seizure by a creditor. As between the administrator and a tenant the former is that person. Presumptively it would be a matter of entire indifference to the latter as to who should be his landlord. As between them therefore the former is the person with whom the statute required the copy to be left.

There is error in the judgment complained of.

In this opinion the other judges concurred.