IGNATZ SIMMONS *vs.* ARCHIE E. HOLCOMB.

First Judicial District, Hartford, March Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

As a general rule, the time fixed by statute within which a right created by the statute can be enforced, is a condition attached to or imbedded in the right itself—an element essential to liability—, and not a mere limitation affecting remedy or procedure, which may be subject to waiver or estoppel, or to other equitable considerations.

General Statutes, § 5360, provides that no proceedings for compensation shall be maintained unless a written notice of a claim therefor is made within one year from the date of the injury, except in four prescribed instances or situations, none of which existed in the present case. *Held* that this requirement entered into the very essence of the employee's right to compensation conferred by the Act, and was not simply a statute of limitation; and that inasmuch

as the plaintiff employee had given no written notice of a claim within the year, he was not entitled to compensation.

While workmen's compensation Acts have been liberally construed in all jurisdictions in furtherance of their general intent, it does not appear that any distinctive liberality has been shown respecting matters of procedure involving time, nor could such well be the case, without creating great confusion.

Argued March 7th—decided April 4th, 1923.

APPEAL by the plaintiff from the refusal of the Compensation Commissioner of the first district to award him compensation because no written notice of his claim had been served upon the defendant within one year from the date of the injury, taken to and tried by the Superior Court in Hartford County, *Hinman, J.;* the court dismissed the appeal and confirmed the decision of the Commissioner, and from this judgment the plaintiff appealed. *No error.*

On September 19th, 1919, the plaintiff, who was employed by defendant, sustained an injury to his leg arising out of and in the course of his employment. Of this injury the defendant had prompt knowledge, and in fact paid a part of plaintiff's hospital bills.

The plaintiff was an ignorant man, unable to speak or write the English language. Failing to obtain compensation from the defendant, he came to Hartford in search of the Workmen's Compensation office, and he was, through misunderstanding, directed to the office of the United States Fidelity and Guaranty Company, which he believed to be the Workmen's Compensation office. The officials of the insurance company were led to believe and understand that the defendant was one A. R. Holcomb, a tobacco farmer of the same town as the defendant herein, and who at that time was insured in the company, and payments were accordingly made the plaintiff under a misapprehension

of fact, until the error was discovered more than a year later, when they were discontinued on the volition of the United States Fidelity and Guaranty Company, which discontinuance was later confirmed by order of the Commissioner. Under this agreement the United States Fidelity and Guaranty Company paid the plaintiff $953.78.

No written notice of claim was served by the plaintiff upon the defendant within one year from the date of the injury; nor was there, within said period, a hearing, a written request for a hearing, nor an assignment of a hearing, nor the submission of a voluntary agreement.

Before the Commissioner, the plaintiff contended that the terms of General Statutes, § 5360, should not be applied in the case at bar, because he had been misled through the payment by the defendant of a part of his hospital bill and the payment of compensation by the United States Fidelity and Guaranty Company, and asked that an award be made against Archie E. Holcomb for the sum due him as compensation. The Commissioner overruled this contention and dismissed the claim.

Plaintiff appealed to the Superior Court, assigning as reasons of appeal the ruling of the Commissioner, that under the facts as found the plaintiff was not excused from giving written notice of claim within one year, or a written request for a hearing, or assignment of a hearing, or a submission of a voluntary agreement; and also in holding and ruling that plaintiff's right of action had expired under § 5360 of the General Statutes as amended.

The Superior Court found the issues on appeal for the defendant, and on appeal to this court plaintiff assigns as error the action of the court in overruling his claims as above set forth.

*A. Storrs Campbell*, for the appellant (plaintiff).

*Ralph O. Wells*, for the appellee (defendant).

KEELER, J. The soundness of the plaintiff's contention above stated, depends upon the construction of General Statutes, § 5360, the amendment of 1919 having no relation to the point now under discussion. The parts of § 5360 material to the matter before us are as follows: "Sec. 5360. CLAIMS FOR COMPENSATION. No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is made within one year from the date of injury . . . ; but where there has been a hearing or a written request for a hearing or an assignment for hearing within one year from the date of the injury, or where a voluntary agreement has been submitted within said period of one year, no want of such notice of claim shall be a bar to the maintenance of proceedings and in no case shall any defect or inaccuracy in such notice of claim be a bar to the maintenance of proceedings unless the employer shall show that he was ignorant of the injury and was prejudiced thereby."

It is the contention of the plaintiff, that the provision as to giving notice of claim within one year is purely in the nature of a limitation, and, as in case of certain other statutes of limitation, any given case may be taken out of its operation providing proper facts appear therein. Defendant, on the other hand, urges that the limitation of time to make claim is a condition attached to the right of action, limiting the liability and not merely the remedy.

This question was considered by us in the case of *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217, 96 Atl. 963. In that case the injury forming the subject-matter of

the claim occurred September 15th, 1914, and no notice thereof was given to the defendant until April 7th, 1915. If the limitation applied to the liability, this suit was governed by the provisions of Public Acts of 1913, Chapter 138, § 21, in force at the time of the injury; if the limitation was a statute of limitation only, applying simply to the remedy, the claim was governed by the provisions of Public Acts of 1915, Chapter 288, § 3 and § 13, in force at the time of the giving of the notice and the hearing before the Commissioner. The defendant in that case insisted that the provisions of the Act concerned substantive rights. The court said: "The latter contention is the correct one. The relation between the parties was contractual; their rights and obligations arose from that relation, and the terms and conditions of it were defined by the statute in force which formed a part of the contract of employment. . . . The liability of an employer . . . was not fixed by the simple fact of injury to the employee arising out of and in the course of his employment. The element of notice of injury to the employer, if he be ignorant of it, entered into the very essence of the injured party's claim and the extent of it. The time when the notice should be given was made a factor to be considered in determining what the claim should be which he was entitled to enforce in the manner prescribed by statute."

All that is here said applies with equal force to the claim for compensation in this case. This being so, the making of the claim and the time thereof are matters going to maintenance of the right of action, and come within "the general rule . . . that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of

the liability itself as created, and not of the remedy alone. . . . Being a limitation upon the right of action it must be strictly complied with. *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 529, 97 Atl. 765. See, also, *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 58 Atl. 709; *Crocker* v. *Hartford,* 66 Conn. 387, 34 Atl. 98; *Forbes* v. *Suffield,* 81 Conn. 274, 70 Atl. 1023, and cases cited in the case last noted. It therefore follows that the claim urged by plaintiff, that the case is properly to be taken from the operation of a statute of limitation, has no bearing.

But the plaintiff goes further and claims that if on its face § 5360 is arbitrary and unyielding in its provisions, still there are situations where, upon equitable considerations analogous to waiver and estoppel, a construction may be given to the statute which will save its right of claim on his behalf. Counsel instances the fact that defendant paid part of plaintiff's hospital charges, a duty imposed by statute on an employer and not otherwise, and that when the latter had in fact assumed and partly performed certain initial obligations imposed by the Act, he had done so because he considered himself legally bound to do so; and that such an assumption of liability on his part, in connection with his prompt knowledge of the injury, placed him in a position where he had waived the provision of the statute, or was estopped to set it up. We think that the authorities above cited dispose of such claims.

Regarded as a matter of construction of the section, counsel further insists that it is unlikely that the General Assembly intended to reverse the policy of the Act as it was expressed in 1913, to such an extent as to take away from the courts the right to relieve against essential injustice. The derivation of the present form of the statute as the result of amendment since that date, would seem to negative this last contention, and

to show that the legislature has carefully provided for certain exceptions to the time limitations contained in the law in such a way as to exclude any others which might be claimed. Section 21 of Chapter 138 of the Public Acts of 1913, provides a time limit for giving notice of the injury and making claim for compensation; but, by way of exception, goes on to say that "no want, defect, or inaccuracy of such notice and claim shall be a bar," etc., unless prejudice to the employer results, and that, if so prejudiced, the latter might receive allowance to the extent of such prejudice. In 1915, § 21 above referred to was amended and its matter distributed in amendments to two different sections of the Act which are now § 5347 and § 5360 of the General Statutes. The former section contains the provision in regard to notice of injury, but this notice is not required to be in writing, giving of it is not a condition precedent to the making of claim for compensation, and the only result of noncompliance with this requirement is to entitle the employer to a reduction of any amount awarded, in proportion to the prejudice which he has suffered from failure of notice. Provisions for notice of a claim for compensation are contained in § 5360, and such notice is required to be written and to be made within one year from the date of the injury. Further provision is made that want of the notice of claim shall not be a bar to maintenance of compensation proceedings in four different states of fact or circumstances which must have obtained within one year after the injury: first, where there has been a hearing; second, where there has been a written request for a hearing; third, where there has been an assignment for hearing; fourth, where a voluntary agreement has been submitted. The express mention of the above exceptions to the operation of the limitation would, on a familiar principle of construction, seem

to exclude other exceptions arising out of general equitable rules or considerations. That what has just been said voices the professional and legislative construction of the Act is further illustrated by the fact that in 1921 the General Assembly, further amending § 5360, inserted therein a provision that the commissioner, upon hearing and due cause shown, might, by order, extend the time for making claim for a period not exceeding two years from the date of the injury. Such a wise and liberal provision would hardly have been necessary, had it been thought that the courts might by liberality of construction afford the same relief in a proper case.

It is doubtless true that in all jurisdictions Workmen's Compensation Acts have been liberally construed in furtherance of their general intent, but it does not appear that any distinctive liberality with regard to construction in matters of procedure involving time have prevailed, nor that such well could be the case, without creating great confusion. "The claim must be properly filed within the time prescribed, unless the case comes within a statutory exception by reason of excusable mistake or other reasonable cause." 1 Honnold on Workmen's Compensation, § 214, p. 765. We find no authority inconsistent with this doctrine, and it would appear to be the prevailing rule.

There is no error.

In this opinion the other judges concurred.