## JAMES WALSH *vs.* A. WALDRON & SONS.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th, 1930—decided January 27th, 1931.

*Nehemiah Candee,* with whom was *John T. Dwyer,* for the plaintiff.

*William H. Comley,* with whom was *J. Kenneth Bradley,* and, on the brief, *John J. Cunio,* for the defendant.

HAINES, J. While in the employ of the defendants on April 30th, 1926, the plaintiff's right eye was injured, causing a complete loss of vision in that eye. He was in a hospital two weeks and incapacitated for work until early in September, 1926, when he returned to work with the defendants for two months and then entered the employ of another firm and worked there until November, 1929. In October, 1927, the left eye became affected and in an endeavor to save the vision of that eye, the right eye was removed. The condition grew worse and the plaintiff was obliged to cease work in November, 1929. Due to sympathetic opthalmia resulting from the injury to the right eye on April 30th, 1926, the plaintiff's vision in the left eye has been reduced to less than one tenth normal vision with glasses, and he is thus totally incapacitated within the meaning of our Act. The contract of employment was subject to the provisions of the Act, but the defendants had never complied with § 5255 of the General Statutes which requires that the employer shall file proof of financial ability to meet necessary payments under the Act, or insure his liability. Shortly after the accident, the plaintiff and his wife had many conferences with the defendants concerning the payment of the compensation and expenses imposed by the Act, and were assured and promised by the latter that although they had never taken out compensation insurance, they would make the payments required by the Act direct to the claimant "the same as required by the Compensation Act." This voluntary agreement between the parties was not reported in writing or otherwise to the commissioner by the employer as the statute required him to do. General Statutes, § 5245. The compensation required by the Act was in fact paid by the employer as agreed, up to the time the employee went

back to work, and the employer procured the signature of the employee to the following paper:

"Oct. 11, 1926. Having received to my full satisfaction, one dollar and other considerations, from A. Waldron & Son as compensation for total disability and as final award for loss of sight in right eye, I hereby release A. Waldron & Son from any further claim whatsoever from above date.

Signed: James H. Walsh.

Witnesses: Leslie W. Gorham
            Edward E. Gorham."

On February 4th, 1930, counsel for the plaintiff notified the defendants by registered mail of the later results of the accident and the probability that the plaintiff would also lose the use of the left eye, and that the commissioner had been asked to modify the voluntary agreement under the provisions of General Statutes, § 5240. The paper dated October 11th, 1926, was submitted to the commissioner and a hearing was held on April 3d, 1930, the voluntary agreement was modified and additional compensation awarded to cover the disability caused by the injury to the left eye. The respondents appealed.

The ground of the appeal is twofold. It is contended, first, that the claimant had never made a claim for compensation in accordance with the requirements of the statute, § 5245, and that therefore the matter was never within the jurisdiction of the commissioner; and second, that no voluntary agreement of the parties in the form prescribed by the statute, was before the commissioner, and the latter was therefore without jurisdiction to make an award, and there was no statutory voluntary agreement for him to modify.

While both parties to the contract of employment were subject to the provisions of our Compensation

Act, the liability of the employer-respondents to the employee-claimant for compensation for the results of the injury, did not arise until certain statutory requirements had been thereafter complied with. Two of these requirements were, notice of the injury and notice of claim for compensation. The relation of the parties was contractual and their respective rights and obligations arose from the terms of that contract. The provisions of the Compensation Act, by the presumed acceptance thereof by the parties, became part of the contract. It is thus provided that after receiving an injury, the employee is required to notify the employer of that fact, and if the employer can show that such notice has not been given him in a given case, any subsequent award to the employee may be reduced by the commissioner to the extent that the employer has been prejudiced by that failure of notice. General Statutes, § 5232. The facts disclosed in the present record make it abundantly clear, that whatever the employer could have shown as to the lack of the statutory notice of the injury, he had full notice in fact and could not have been prejudiced. Further consideration of this phase of the case is unnecessary.

The employee is also required to serve upon the employer and upon the commissioner as well, within a year from the date of the accident, a written notice of his claim for compensation, stating in simple language, the date, place and nature of the injury and other details. General Statutes, §§ 5245, 5228. The claimant did not comply with the terms of this requirement. The reasons therefor, as we read them in this record, do not reflect credit upon the employer whose desire to keep the matter from the commissioner's attention, led him to ignore several of the requirements imposed upon him by the statute. He made no provision, by insurance or otherwise, to meet his obligation for com-

pensation under the statute, and he made no reports whatever to the commissioner, but instead went directly to the claimant and promised him that he would pay direct whatever the Compensation Act provided for his injuries, and obtained from him a verbal agreement to thus adjust the matter without bringing it to the attention of the commissioner. Apparently trusting to the good faith of the employer, the employee refrained from making a claim for compensation as the statute required. That requirement is so framed that the giving of the notice in writing within one year is a condition precedent to the liability of the employer to pay compensation, and a failure to observe the requirement conclusively prevents the maintenance of proceedings before the commissioner, save under four conditions to which we shall refer. The essential portion of the statute reads as follows: "No proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is made within one year from the date of the injury." General Statutes, Rev. 1918, § 5360. It is further provided that these notices shall be served in the same manner as notices of withdrawal from the provisions of Part B of the Act, which is as follows: " . . . written or printed notice from either employer or employee to the other party and to the compensation commissioner of the district in which the employee is employed." General Statutes, § 5228. As we have pointed out, the relation of the parties being contractual and the terms of the Compensation Act being incorporated into the contract of employment, the rights and obligations of the parties were defined by that Act. " 'The liability of an employer . . . was not fixed by the simple fact of injury to the employee arising out of and in the course of his employment,' " but the element of notice and the time within which it must be given, " 'entered into

the very essence of the injured party's claim and the extent of it.' . . . The making of the claim and the time thereof are matters going to the maintenance of the right of action. . . . Where a statute gives a right of action which does not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone . . . Being a limitation upon the right of action it must be strictly complied with." *Simmons* v. *Holcomb,* 98 Conn. 770, 774, 775, 120 Atl. 510; *De Martino* v. *Siemon,* 90 Conn. 527, 97 Atl. 765; *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 58 Atl. 709; *Crocker* v. *Hartford,* 66 Conn. 387, 34 Atl. 98; *Forbes* v. *Suffield,* 81 Conn. 274, 70 Atl. 1023. The statute specifically forbids the maintenance of proceedings before the commissioner with four exceptions, unless the statutory notice of claim for compensation has been given, and the giving of this notice, and the time within which it must be given, become jurisdictional requirements. Not being merely a procedural matter, the doctrine of waiver upon which the claimant relies, cannot avail, since jurisdiction cannot be waived, nor can it be conferred by agreement. *Hazzard* v. *Gallucci,* 89 Conn. 196, 93 Atl. 230; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 52 Atl. 947, 53 id. 57; *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 49 Atl. 913; *Allen's Appeal,* 69 Conn. 702, 38 Atl. 701.

Whatever rights of action the claimant may have against the respondent upon his verbal contract, or upon proof that he was induced by the respondent to refrain from protecting his legal rights by taking the matter to the commissioner by the statutory method, it cannot be held upon this appeal that the commissioner had jurisdiction to make the final award, unless it can be shown that the requirement of statutory

notice in his case was waived in one or more of the four ways prescribed by the statute. These are, where within one year, (a) there has been a hearing, (b) a written request for a hearing, (c) an assignment for hearing, or (d) where a voluntary agreement has been submitted. General Statutes, § 5245. The first three exceptions are excluded by the facts of record. As to the fourth requirement—the filing of a voluntary agreement, aside from the fact that there has never been such an agreement in writing submitted to the commissioner, it will be seen that the receipt, even if it were held to be sufficient evidence of a voluntary agreement, was not filed until June, 1930, and the accident occurred in April, 1926, more than four years previously. As the exception specifically requires a submission within a year from the date of the accident, it is manifest that this cannot avail the claimant. His failure therefore to serve written notice of his claim for compensation as required by the statute, bars him from further action under the Compensation Act. In *Connolly* v. *Penn Seaboard Steel Corporation,* 100 Conn. 423, 123 Atl. 906, at page 426, we referred to the decision upon this point in *Simmons* v. *Holcomb,* 98 Conn. 770, 120 Atl. 510, as follows: "The requirements of § 5360 [now § 5245] as to a written notice of claim for compensation entered into the very essence of the employee's right to compensation conferred by the Act, and was not simply a statute of limitations; and that, therefore, when an employee had failed to give a written notice of a claim for compensation within the time prescribed by statute, his right to compensation was lost, and that the statutory requirement as to written notice for compensation could not be changed or modified on equitable grounds." Since we are thus dealing with statutory requirements which are imperative and jurisdictional in character, the

equitable considerations in this case, though strong, do not permit us to vary or change the requirements. These considerations, as disclosed by this record, might, in some other action, give strong support to the claimant's case, but, as we have already intimated, it is not our province upon this appeal, to consider what his legal rights would be in an action on the verbal agreement to pay the statutory compensation, or in tort for failure to comply with the statutory requirement that the agreement be submitted to the commissioner. The legislative will as expressed in the Compensation Act, is conclusive upon this court and gives us no alternative but to hold that the commissioner was without jurisdiction in the premises.

The Superior Court is advised that the commissioner was without authority to modify the agreement of the parties or to make the award in question, and that the appeal of the respondents should be sustained.

In this opinion the other judges concurred.