PORT CHESTER ELECTRICAL CONSTRUCTION CORPORATION v. THE INDUSTRIAL ELECTRICAL SUPPLY COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 3—decided May 20, 1952.

*Julius B. Kuriansky,* for the appellant (defendant).

*Robert R. Rosan,* for the appellee (plaintiff).

JENNINGS, J. The parties in this case have stipulated that the plaintiff sold and delivered merchandise of the value of $3374.48 to the defendant and that $1000 has been paid thereon. Under these circumstances the judgment for the plaintiff for the

agreed amount, with interest, should be sustained unless the technical defenses of the defendant require a different result.

The defendant first claims that the Superior Court was without jurisdiction to enter the judgment because the net amount due under the plaintiff's amended supplemental complaint was only $2374.48, whereas the minimum jurisdiction of the court was $2500. General Statutes § 7745. In a case of this kind every presumption which will support the judgment should be indulged. See *Grether* v. *Klock,* 39 Conn. 133, 136; *Lyon* v. *Alvord,* 18 Conn. 66, 73. An early case puts it succinctly: "Jurisdiction possible—jurisdiction taken—every presumption supports the judgment." *Stone* v. *Hawkins,* 56 Conn. 111, 115, 14 A. 297. So, in that case, interest was added to the principal amount claimed to determine the matter in demand. In the case at bar both the ad damnum, $4000 in the original complaint and $3000 in the amended complaint, and the judgment, $2898.85, were within the court's jurisdiction.

It is unnecessary to review the complicated pleadings. The stipulated amount was due at least as early as April 12, 1947. Under these circumstances the addition of interest was justified for the purpose of ascertaining the damages. *Campbell* v. *Rockefeller,* 134 Conn. 585, 591, 59 A.2d 524; *Cleary* v. *Estate of White,* 134 Conn. 367, 369, 58 A.2d 1; *Loomis* v. *Gillett,* 75 Conn. 298, 300, 53 A. 581. Its addition was also justified to determine the court's jurisdiction. *Stone* v. *Hawkins,* supra, 114; see *Atlantic Refining Co.* v. *Schoen,* 118 Conn. 26, 28, 170 A. 478; note, 77 A.L.R. 991.

In *Denison* v. *Denison,* 16 Conn. 34, where by statute the right of appeal from the County Court to the Superior Court was dependent upon a mini-

mum ad damnum of $70, it was held that interest accruing after the appeal was taken could not be utilized as an essential part of the sum. The reason given was as follows (p. 38): "If however [the Superior Court] had no jurisdiction when the action was appealed, it could not acquire it, by anything which subsequently took place." That reason does not apply in the case at bar since, as pointed out above, when the action was instituted the ad damnum was in excess of the court's minimum jurisdiction. In *Atlantic Refining Co.* v. *Schoen,* supra, where the Superior Court was held to be without jurisdiction, it was stated: "[I]nterest which might be allowed for the time elapsing between the bringing of the action and the judgment affords too speculative and indefinite a basis upon which to found jurisdiction." In the case at bar the exact amount due was in dispute up to the time the stipulation and amended complaint were filed, but the plaintiff's claims at all times exceeded the court's minimum jurisdiction. When the stipulation was filed, on October 20, 1950, the dispute was resolved and the amount due at least as early as April 12, 1947, was fixed. This afforded a definite basis for the computation of interest down to the date the amended complaint was filed. If interest to that date is added, the damages exceed $2500. The defendant's claim that the court was without jurisdiction is not valid. Its claim of variance is without merit.

No change in the finding is required which will affect the defendant's remaining claim, that the action was prematurely brought. The essential facts may be summarized as follows: The plaintiff sold and delivered to the defendant a quantity of electrical supplies in the summer of 1946. The understanding as to the terms of payment was embodied in

a letter from the defendant to the plaintiff dated June 19, 1946. This read in part: "Six equal payments 1/6 in 10 days after receipt of invoices, balance five equal monthly payments with the cash discount allowed." On August 2, 1946, the plaintiff sent the defendant an itemized invoice for a small amount. On December 24, 1946, the plaintiff wrote the defendant: "Enclosed please find schedule and prices on materials which you took from our shop." Attached to this letter was a list of the merchandise selected by the defendant, together with prices.

On these facts the court concluded, in effect, that the list was an invoice within the meaning of that term as it was used in the agreement, that all sums due from the defendant to the plaintiff were payable not later than June 6, 1947, twelve days before suit was brought, and that the suit was not premature.

The defendant claims that the list referred to was not delivered with the letter of December 24, but the finding, made on conflicting evidence, must stand. The list fulfils the dictionary definition of an invoice: "A written account, or itemized statement, of merchandise shipped or sent to a purchaser, consignee, factor, etc., with the quantity, value or prices, and charges annexed." Webster's New International Dictionary (2d Ed.); see Bouvier's Law Dictionary. The plaintiff's letter requested notice of any claimed discrepancies, but no answer was forthcoming from the defendant until after a second notice was sent by the plaintiff on April 12.

The defendant made an ingenious and extensive argument that from the internal evidence of the correspondence and the conduct of the parties the letter and list of December 24 were insufficient to start the running of the time for payment as defined in the defendant's letter of June 19. It is unnecessary

to rehearse those claims. We have concluded, from an examination of them, that on the whole record the trial court was justified in finding that the whole amount was due before suit was instituted. The claim, admitted as to amount, is already nearly six years old.

The defendant's appeal from the judgment for the plaintiff on the counterclaim is not pursued in its brief.

There is no error.

In this opinion the other judges concurred.