JERRY TUCCIO *v.* WILLIAM J. ZEHRUNG ET AL.

JERRY TUCCIO *v.* CHARLES W. TREAT ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 4—decided January 10, 1973

*Richard S. Weinstein,* with whom, on the brief, was *Bruce L. Lev,* for the appellant (plaintiff) in each case.

*Terry C. Pellegrini,* for the appellee (defendant town of New Milford) in each case.

PER CURIAM. Both appeals are from judgments of the Superior Court, and the sole error assigned in each appeal is the granting of the motion by the defendant town of New Milford to erase each case from the docket.

"Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus where the nature of the

action or amount in demand shows that the court has no jurisdiction, or where the officer's return shows invalid service, and the like, a motion to erase shall be used." Practice Book § 94. " 'A motion to erase the case from the docket will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568. A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884.' *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175." *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123, 249 A.2d 256. Every presumption which favors the jurisdiction of the court should be indulged. *Fairfield Lumber & Supply Co.* v. *Herman,* supra; *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.,* 139 Conn. 16, 17, 89 A.2d 377; see also *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554.

The records disclose no reason why the court lacked jurisdiction to hear and determine the cause of action alleged in each complaint. It was, accordingly, error to erase each case from the docket.

There is error in both cases, the judgments are set aside and the cases are remanded with direction to deny in each case the motion to erase the case from the docket.