PAULINE D'AGOSTINO CUCCURO *v.*
CITY OF WEST HAVEN
(3460)

GEORGE SPRAGG *v.* CITY OF WEST HAVEN
(3461)

SPALLONE, DALY and BIELUCH, Js.

Argued October 8, 1985—decision released February 18, 1986

*Keith B. Gallant,* for the appellant (defendant in both cases).

*W. Paul Flynn,* with whom, on the brief, was *Charles L. Flynn,* for the appellees (plaintiff in each case).

DALY, J. Both cases entail appeals from decisions of the compensation review division affirming actions by the workers' compensation commissioner for the third district in denying the defendant employer's motions to correct the findings by opening and modifying the judgments rendered on the basis of stipulations by the parties.

The plaintiff Pauline D. Cuccuro is the dependent widow of Anthony Cuccuro who, as a member of the West Haven police department, suffered a heart attack on September 21, 1971. He was retired on August 2, 1972, and died on January 23, 1977. A notice of claim for benefits under General Statutes § 7-433c was filed on May 18, 1976, with the commissioner. A stipulation was filed on June 13, 1979, and benefits were awarded on July 10, 1979. On July 22, 1980, the defendant filed a motion to correct the finding and open and modify the award.

The plaintiff George Spragg was a member of the West Haven police department and suffered a heart condition on January 2, 1973. A notice of claim was submitted on June 14, 1974. A stipulation was filed on September 14, 1978, pursuant to which benefits were awarded on October 20, 1978.

Both awards are challenged on the basis that the notices of claim were not filed within the statutory period of one year as required by General Statutes §§ 7-433c and 31-294 and, as a result, the commissioner allegedly lacked jurisdiction to make any awards. From the denial of the defendant's motions to correct the findings, the defendant city of West Haven appealed to the review division, which affirmed the actions of the commissioner. The defendant now appeals the decisions of the review division to this court.

The issue on appeal is whether the stipulations by the parties which recited that the notices of claim were filed more than a year after the injuries were suffered deprived the commissioner of jurisdiction to render the awards.

"The procedure for determining recovery under [General Statutes] § 7-433c is the same as that outlined in chapter 568 [the Workers' Compensation Act], presumably because 'the legislature saw fit to limit the "procedural avenue" for bringing claims under § 7-433c to that already existing under chapter 568 rather than require the duplication of the administrative machinery available . . . and further burden the courts and the municipalities . . . .' *Plainville* v. *Travelers Indemnity Co.* [178 Conn. 664, 671–72, 425 A.2d 131 (1979)]." *Bakelaar* v. *West Haven,* 193 Conn. 59, 68, 475 A.2d 283 (1984). "Thus, § 7-433c directs claimants to the provisions of the Workers' Compensation Act to determine how to proceed with a claim for benefits. Since § 31-294 states that '[n]o proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . .' we conclude that compliance with this section is also a prerequisite to entitlement to benefits under § 7-433c." *Janco* v. *Fairfield,* 39 Conn. Sup. 403, 406, 466 A.2d 1 (1983).

Giving notice of the claim and the time of filing are essential to maintaining a right of action against an employer. Where a statutory right of action sets a time within which that right must be carried out, a limitation on the action is created and must be strictly enforced. *Walsh* v. *A. Waldron & Sons,* 112 Conn. 579, 584, 153 A. 298 (1931). "Not being merely a procedural matter, the doctrine of waiver upon which the claimant relies, cannot avail, since jurisdiction cannot be waived, nor can it be conferred by agreement." Id.

Neither the commissioner nor the review division found that a notice of claim was filed within the statutory period of one year. Section 31-294 of the General Statutes, however, contains an exception to the one year notice requirement: "[I]f within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as hereafter provided in this section, no want of such notice of claim shall be a bar to the maintenance of proceedings . . . ."

The defendant has not established that it did not furnish medical care to the plaintiffs. That alternative method of notice could have conferred jurisdiction on the commissioner to render the awards challenged here. When jurisdiction is possible, and the court has taken jurisdiction over a cause, every presumption supports the judgment which it renders. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 421, 426 A.2d 1324 (1980); *Tuccio* v. *Zehrung,* 164 Conn. 231, 232, 319 A.2d 406 (1973); *Stone* v. *Hawkins,* 56 Conn. 111, 115, 14 A. 297 (1888). This presumption is strengthened by the fact that the parties stipulated to the award and that none contested the jurisdiction of the commissioner. Applying the aforesaid to these appeals, the defendant has failed to sustain its burden of showing that there was error in the decision of the review divi-

sion from which the appeals were taken. *Schwarzschild v. Martin,* 191 Conn. 316, 326, 464 A.2d 774 (1983).

On the basis of the exceptions to the statutory notice requirements, the commissioner had jurisdiction to render the awards to the plaintiffs.

There is no error.

In this opinion SPALLONE, J., concurred.

BIELUCH, J., dissenting. I concur in the majority's disclosure of the material facts. I also agree with its conclusion that the one year written notice required by General Statutes § 31-294, a condition precedent for benefits to be payable to the plaintiffs under General Statutes § 7-433c, is jurisdictional in nature and cannot be waived or conferred by stipulation. *Walsh* v. *A. Waldron & Sons,* 112 Conn. 579, 584, 153 A. 298 (1931). I except (1) to the majority's unwarranted application of the medical care exception to the jurisdictional notice requirement, (2) to its reliance, without legal basis, upon the presumption of jurisdiction, (3) to its finding that the presumption of jurisdiction is supported by the parties' stipulation to the awards, and (4) to its reliance upon the failure of the parties to the stipulations to originally contest the jurisdiction of the commissioner to approve the awards which they submitted.

There is no factual basis for finding compliance with § 31-294. Neither the facts stipulated by the parties for compensation in these cases,[1] nor the findings and awards of the workers' compensation commissioner, based upon the stipulations, meet the statutory requirements of § 31-294 or establish jurisdiction for the

---

[1] It should be noted that neither of the stipulations for compensation between the respective plaintiffs and the defendant approved by the commissioner was entered into or adopted by the defendant's insurance carriers. Since they did not appear in the compensation proceedings, they are not parties to these appeals.

respective awards in each claim. In each case, a motion to open and vacate the award for lack of jurisdiction was denied by the commissioner without explanation. Notwithstanding this clear lack of jurisdiction in the records of these proceedings, the compensation review division first, and the majority now, have chosen to speculate that a statutory exception to the one year written notice requirement may apply in support of the commissioner's jurisdiction. Such conjecture is unwarranted and improper. There is no indication in either record that an exception to the notice requirement of § 31-294 was ever considered by the commissioner. There is no foundation for any statutory exception in either case, and the lack of jurisdiction before the commissioner controls the appeals to the review division and this court.

The basis for the majority's assumption of the commissioner's jurisdiction is the indulgence of every presumption which favors the jurisdiction of the court. *Tuccio* v. *Zehrung,* 164 Conn. 231, 232, 319 A.2d 406 (1973). The authorities cited by the majority, however, are inapposite to the present case. In each of the cited cases, the record before the court supported such a presumption. Here, the only evidence suggestive of the commissioner's jurisdiction in each case is the award itself, which cannot bootstrap its own jurisdiction. The only jurisdictional facts stipulated in both proceedings demonstrate unequivocally a lack of jurisdiction, namely, that the claims were untimely filed. These facts showed clearly that the commissioner, therefore, had no jurisdiction under § 31-294 to make these awards. For the presumption of jurisdiction to apply, jurisdiction must be within the possible ambit of the record, and not excluded from it. *Stone* v. *Hawkins,* 56 Conn. 111, 115, 14 A. 297 (1888). The record before us evidences no possible basis for jurisdiction. Consequently, the awards cannot be supported by an unwarranted presumption of jurisdiction.

The majority also holds that the defendant has failed to preclude an exception to the notice requirement of § 31-294 because "[t]he defendant has not established that it did not furnish medical care to the plaintiffs." That ruling impermissibly shifts the burden to the defendant to disprove jurisdiction when no facts establishing jurisdiction can be found in the record before the commissioner to support the compensation awards. The majority would have the defendant go beyond the bounds of the record to disprove that which does not appear therein. The plaintiffs had the burden to establish jurisdiction, and the commissioner was bound to find legal jurisdiction for a proper award.

The notice requirement of § 31-294 of the Workers' Compensation Act is a limitation upon the right to compensation benefits and must be strictly complied with. *Walsh* v. *A. Waldron & Sons,* supra.

For the foregoing reasons, I dissent.