[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF THE SECOND INJURY FUND TO INTERVENEAS CO-PLAINTIFF AND TO FILE INTERVENING COMPLAINT
This is a negligence action brought by the plaintiffs Henry Nance (plaintiff) and Patricia Nance against the defendant AES Thames, Inc. (defendant) and other defendants for personal injuries sustained by the plaintiff when he was injured in a work related accident. The Second Injury Fund (Fund) has moved to intervene as a co-plaintiff in order to recoup worker's compensation payments paid to the plaintiff.
The relevant facts are as follows. On March 19, 1989, the plaintiff was injured at work when he hit his head on a low hanging pipe. At the time of his injury, the plaintiff was employed by Combustion Engineering, Inc. (Combustion). Following the injury, the plaintiff collected worker's compensation payments from Combustion's insurer, CNA Insurance Co. (CNA).
The plaintiff filed the present negligence action against the defendant AES Thames, Inc., the installer of the pipe. After the commencement of this action, pursuant to General Statutes § 31-293, Combustion and CNA intervened as co-plaintiffs in this action in order to recoup worker's compensation payments made to the plaintiff. In accordance with General Statutes § 31-349, CNA notified the Fund that, as of March 13, 1993, the Fund would be obligated to make all of the plaintiff's compensation payments due to the fact that CNA had paid 104 weeks of compensation. Relying on General Statutes § 31-352 and § 31-293, the Fund now seeks to intervene as a co-plaintiff in this action.
The plaintiff opposes the Fund's intervention on the ground that the Fund's right to intervene expired. The plaintiff alleges that the Fund failed to join in as a co-plaintiff within thirty days after it was notified of this action. In support of its position, the plaintiff claims that the Fund was put on notice of the existence of the third-party action when CNA and Combustion intervened and subsequently transferred the claim to the Fund. The Fund, however, claims that CNA and Combustion never provided the proper statutorily CT Page 10328 mandated notice and that the Fund it is not time barred from intervening in this suit.
This motion turns on a proper interpretation of the relevant worker's compensation statutes. Section 31-293(a) states, in part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third Person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. . . . The bringing of any action against an employer shall not constitute notice to the employer to the employer within the meaning of this section.
(Emphasis added.)
Section 31-352 states:
 The provisions of section 31-293 shall apply to any payments from the Second Injury Fund and the treasurer is authorized to bring an action, or join in an action as provided by said section, when he CT Page 10329 has paid, or by award has become obligated to pay, compensation out of the fund.
There is no dispute among the parties that the Fund had the right to intervene as a co-plaintiff, but the real issue is whether the plaintiff, his employer or the insurance carrier gave the Fund proper notice of this third-party negligence action. If proper notice was given, then the Fund's attempt to intervene now would be untimely under the statute. The issue presented is one of first impression.
In construing the notice requirement of § 31-293(a), our Supreme Court stated:
 Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. [Section 31-293] is plain and unambiguous, leaving no room for construction. . . . [Section 31-293] must be applied as its words direct. (Internal quotation marks and citations omitted.)
Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381,384 (1988).
Under § 31-352, the Fund is treated as an employer and is entitled to the notice requirement which § 31-293(a) provides. Furthermore, notice requirements under the worker's compensation statute should be strictly construed. See Simmons v. Holcomb, 98 Conn. 770,777 (1923).
In this case, it is undisputed that the Fund did not receive notice in "writing, by personal presentation or by registered or certified mail" as the § 31-293(a) directs. The plaintiff asserts, however, that the Fund was put on notice when CNA notified the Fund that the Fund would be liable for future compensation payments to Nance.
Section 31-349(b) states, in part:
 As a condition precedent to the liability of the Second Injury Fund, the employer or his insurance carrier shall, no earlier than one year and no later than ninety days before the expiration of the first one hundred four weeks of disability, notify CT Page 10330 the custodian of the Second Injury Fund of the pending case . . .
This notice requirement, however, has nothing to do with the Fund's statutory right to recoup compensation payments under § 31-293, but only puts the Fund on notice that it will soon be obligated to make payments under a pending worker's compensation claim. The "pending case" which § 31-349 refers to is not a third-party case under § 31-293(a), but the pending worker's compensation claim that is approaching 104 weeks of payment. Thus, notice of the underlying worker's compensation claim under § 31-349, even if a subsequent third-party claim is mentioned, does not satisfy the notice requirements of § 31-293(a).
Therefore, the Fund's motion to intervene as a co-plaintiff is granted.