MICHAEL INFANTE *v.* MANSFIELD CONSTRUCTION
COMPANY ET AL.
(AC 16770)

Foti, Schaller and Hennessy, Js.

Argued September 23, 1997—officially released January 27, 1998

*Kevin J. Maher*, with whom, on the brief, was *James D. Moran, Jr.*, for the appellants (defendants).

*Janine M. Becker*, with whom, on the brief, was *Daniel Shepro*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The named defendant, Mansfield Construction Company (Mansfield), and the defendant insurance carrier, Zurich-American Insurance Group (Zurich), appeal from a decision rendered by the workers' compensation review board (board) affirming the commissioner's decision denying the defendants' motion to modify,[1] filed pursuant to General Statutes § 31-315.[2]

---

[1] In addition to denying the defendants' motion to modify, the commissioner filed a finding and award that formed the basis of the defendants' petition for review before the board.

[2] General Statutes § 31-315 provides: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter or any transfer of liability for a claim to the Second Injury Fund under the provisions of section 31-349 shall be subject to modification in accordance with the procedure for original determinations, upon the request of either party or, in the case of a transfer under section 31-349, upon request of the custodian of the Second Injury Fund, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the

An examination of the board's record discloses the following. In 1986, the plaintiff was employed part-time by Mansfield, which insured its employees through Zurich. On November 19, 1986, the plaintiff, pursuant to instructions from his employer, drove to a parcel of land owned by Mansfield, performed an inspection and while returning home was injured in an automobile accident. Mansfield reported the injury to Zurich and thereafter sent a twenty-six week wage statement indicating that the plaintiff had worked for two weeks before the accident and had earned $500. Zurich computed the plaintiff's compensation rate to be $166.67 per week and began making temporary total disability payments in February, 1987. These payments continued for six and one-half years even though a voluntary agreement had never been completed. On June 26, 1993, Zurich ceased making payments; however, a form 43 notice of contest was never filed. Zurich also failed to pay for certain improvements to the plaintiff's home to accommodate his incapacity, although it had agreed to do so. Payments to the nursing and physical therapy services that were used by the plaintiff at the direction of his physicians were also discontinued, along with payments for the plaintiff's prescriptions and medical bills. The defendants filed a "motion to modify the agreement" and, as an alternative, sought to modify the rate of compensation.

The commissioner found all paid and unpaid charges to be reasonable. He concluded that no credible evidence had been presented to establish that the plaintiff

incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement, award or transfer in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

was not in the course of his employment at the time of injury, and he found that the claim had been accepted years earlier and that no credible evidence had been presented to show that there had been a mutual mistake in computing the rate of compensation. The commissioner, therefore, denied the defendants' motion, concluding that the injury was compensable. Thereafter, he ordered payments of $166.67 per week as temporary total disability benefits payable from June 27, 1993, plus cost of living adjustments, to continue until a notice of intention to discontinue or reduce payments, form 36, is approved by a commissioner. He also ordered that all outstanding medical bills were to be paid and that the plaintiff was to be reimbursed for the cost of the improvements to his home, pursuant to the parties' previous agreement. He also awarded statutory interest and attorney's fees[3] pursuant to General Statutes § 31-300.

The defendants claim that the board improperly affirmed (1) the finding of compensability, (2) the award of home modification, (3) the finding of no mutual mistake of fact and (4) the denial of the motion to modify. We affirm the board's decision.

As a preliminary matter, we note that we ordered the parties to file supplemental briefs addressing the jurisdiction of the workers' compensation commis-

---

[3] As part of his decision, the commissioner stated that a hearing would be assigned to address the issues of attorney's fees, interest, and to review the medical treatment and bills. We conclude that the decision is final for purposes of appeal. A review of the medical treatments and bills would necessarily involve only a determination of whether the current award should be modified. See *Besade* v. *Interstate Security Services*, 212 Conn. 441, 444–45, 562 A.2d 1086 (1989). The recoverability or amount of counsel fees remaining to be determined does not cause the decision not to be final for purposes of appeal. *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1988).

sioner to act in this matter.[4] Under the Workers' Compensation Act, the filing of a written notice of claim is a prerequisite to the subject matter jurisdiction of the commission; General Statutes § 31-294c (a) (formerly § 31-294);[5] or one of the statutory jurisdictional alternatives must be satisfied. General Statutes § 31-294c (c)

[4] The parties were ordered to address the following questions in simultaneous supplemental briefs:

1. Did the commission have subject matter jurisdiction over the claim involved in this appeal? See *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 675 A.2d 845 (1996); *Castro* v. *Viera*, 207 Conn. 420, 541 A.2d 1216 (1988); *Walsh* v. *A. Waldron & Sons*, 112 Conn. 579, 153 A. 298 (1931).

a. Was a written notice of claim ever filed pursuant to General Statutes (Rev. to 1985) § 31-294? See *Figueroa* v. *C & S Ball Bearing*, supra, 237 Conn. 1.

b. If the answer is yes, should the case be remanded to the commission for a formal finding of fact with respect to the filing of a notice of claim? See *Figueroa* v. *C & S Ball Bearing*, supra, 237 Conn. 1.

c. If not, do you claim that one of the jurisdictional alternatives provided by General Statutes (Rev. to 1985) § 31-294 was satisfied? See *Figueroa* v. *C & S Ball Bearing*, supra, 237 Conn. 1.

2. If the determination as to whether there is a statutory jurisdictional alternative requires findings of fact, which tribunal is authorized to make those determinations? See *Figueroa* v. *C & S Ball Bearing*, supra, 237 Conn. 1.

3. If such fact based determinations must be made by the commission, does the Appellate Court have authority to order a remand for that purpose under *Figueroa*?

[5] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

(formerly § 31-294);[6] *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 5, 675 A.2d 845 (1996). The parties agree that while no notice of claim was ever filed, timely or otherwise, the commission had jurisdiction pursuant to one of the jurisdictional alternatives, i.e., the furnishing of medical care for the injury to the employee within one year from the date of the accident. The parties further claim, and we agree, that the commissioner's findings as contained in the record are sufficient to establish that the employer, through Zurich, furnished such care.

"The exception is, no doubt, based upon the fact that if the employer furnishes medical treatment he must know that an injury has been suffered which at least may be the basis of such a claim [for compensation]." *Gesmundo* v. *Bush*, 133 Conn. 607, 612, 53 A.2d 392 (1947). In the event that a representative or agent of the employer, authorized to send the employee to a physician, does so, that constitutes furnishing medical treatment for purposes of the exception. Id. It is clear that the defendants were not ignorant of the injury, and do not claim to be prejudiced in any way. Even if the employer did not pay for the medical treatment furnished by a physician selected by him, he has "furnished" such treatment within the meaning of the

6 General Statutes § 31-294c (c) provides: "Failure to provide a notice of claim under subsection (a) of this section shall not bar maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within a one-year period from the date of the accident or within a three-year period from the first manifestation of a symptom of the occupational disease, as the case may be, or if a voluntary agreement has been submitted within the applicable period, *or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d.* No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. Upon satisfactory showing of ignorance and prejudice, the employer shall receive allowance to the extent of the prejudice." (Emphasis added.)

statute if he has sent the claimant for medical treatment, thereby authorizing it. See *Kulis* v. *Moll*, 172 Conn. 104, 109, 374 A.2d 133 (1976).

Our review of the record discloses that Mansfield is owned by the plaintiff's son, and, although no specific finding was made that the plaintiff's son sent the plaintiff for medical treatment or actually directed him to receive such, Mansfield acknowledges that it did furnish such treatment and that the defendants actually knew, shortly after the accident, that the plaintiff had suffered an injury that at least may have been the basis for a claim for compensation. "Every presumption which favors the jurisdiction of the court should be indulged." *Tuccio* v. *Zehrung*, 164 Conn. 231, 232, 319 A.2d 406 (1973).

"When jurisdiction is possible, and the court has taken jurisdiction over a cause, every presumption supports the judgment which it renders. . . . This presumption is strengthened by the fact that the parties [did not contest] the jurisdiction of the commissioner." (Citations omitted.) *Cuccuro* v. *West Haven*, 6 Conn. App. 265, 268, 505 A.2d 1, cert. denied, 199 Conn. 804, 508 A.2d 31 (1986). "For the presumption of jurisdiction to apply, jurisdiction must be within the possible ambit of the record, and not excluded from it. *Stone* v. *Hawkins*, 56 Conn. 111, 115, 14 A. 297 (1888)." *Cuccuro* v. *West Haven*, supra, 270 (*Bieluch, J.*, dissenting).

The Workers' Compensation Act is liberally construed in favor of the employee and is to be interpreted with sufficient liberality to carry into effect its beneficial purpose and to prevent the defeat of this purpose by narrow and technical definition. *Bahre* v. *Hogbloom*, 162 Conn. 549, 558, 295 A.2d 547 (1972). Zurich's payment of medical bills for an extended period, under the particular facts and circumstances of this case, constitutes the furnishing of medical treatment. We conclude,

therefore, that the commission had jurisdiction over this claim pursuant to the medical treatment exception to § 31-294c (c).

We next set forth our standard of review. The conclusions drawn by the commissioner from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Green* v. *General Dynamics Corp.*, 44 Conn. App. 112, 115, 687 A.2d 550 (1996), cert. granted on other grounds, 240 Conn. 916, 692 A.2d 813 (1997).

The defendants cannot prevail on their first claim that the board improperly affirmed the commissioner's finding that the defendants accepted the compensability of the claim. The board, in affirming the finding of compensability, noted that "Admin. Reg. § 31-296-n2 allows an employer or insurer who doubts the causal connection between employment and injury to make payment without prejudice, so long as both the claimant and commissioner are notified as such, a formal notice of intent to contest liability (Form 43) accompanies such notice, and the payments without prejudice extend not more than six weeks. [No] Form 43 was ever filed in this case. Moreover, [Zurich] stopped noting in February of 1987 that the claimant's payments were being made without prejudice and continued to make such payments for many years afterward. [The commissioner's finding that Zurich had accepted the compensability of the claim] is clearly borne out by the record, and by the commissioner's findings as to the length of time between the injury and the attempt to contest liability."

Our review of the record discloses that, under the facts as found by the commissioner and the circumstances existing in this matter as noted by him, ample evidence existed to support the conclusion that Zurich had accepted the compensability of the claim, thereby

waiving its right to contest liability. "Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient. . . . Waiver is a question of fact for the trier." (Citations omitted; internal quotation marks omitted.) *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 175, 679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996). Because the commissioner's finding that Zurich accepted the compensability of the claim was not clearly erroneous, the board properly sustained the commissioner's decision.

The defendants cannot prevail on their second claim. They argue that they cannot be ordered to pay the bills for certain services furnished the plaintiff and for the cost of improvements to the plaintiff's home because those expenses are not items encompassed by the workers' compensation statute. Since it does not appear that the defendants challenged the commissioner's findings that Zurich specifically agreed to pay for these items and that the costs were reasonable, we cannot conclude that the board's decision affirming the commissioner's order was clearly erroneous. Having agreed to the payments, the defendants cannot now deny their obligation on the assertion that those payments are not compelled by statute. Moreover, Zurich's agreement renders irrelevant a determination of whether the services or improvements were reasonable and necessary. We do not address issues that are irrelevant to the disposition of the appeal. *Discuillo* v. *Stone & Webster*, 43 Conn. App. 224, 227 (1996), 682 A.2d 145, aff'd, 242 Conn. 570, 698 A.2d 873 (1997).

Finally, the defendants claim that the board improperly affirmed the commissioner's determination that Zurich failed to sustain its burden of establishing a

mutual mistake concerning the rate of compensation[7] and, therefore, improperly denied its motion to modify. It would serve no useful purpose to review the findings of fact. Because the conclusions drawn by the commissioner reflect an appropriate application of the law to the subordinate facts, we conclude that the board properly affirmed the decision of the commissioner. We also conclude that the commissioner did not abuse his discretion in denying the defendants' motion to modify. Our review of the record discloses that the commissioner's finding that Zurich had failed to produce credible evidence to establish that the parties were operating under a mutual mistake of fact in determining the compensation rate and, therefore, had failed to sustain its burden, was not clearly erroneous.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[7] The defendants' third statement of the issues reads: "Whether a mutual mistake of fact was occasioned in accepting compensability." On appeal, the board addressed only whether the commissioner properly determined that no mutual mistake of fact existed as to the rate of compensability and not as to the aspect of liability. On appeal before us, the defendants address only the compensation rate as their third issue. We therefore do not consider whether a mutual mistake of fact was made as to the defendants' liability. "[I]ssues raised in the defendant's preliminary statement of issues which were not briefed are considered abandoned." *State* v. *Samaha,* 180 Conn. 565, 565 n.1, 430 A.2d 1290 (1980).