# RICHARD DEL TORO *v.* CITY OF STAMFORD ET AL.
## (AC 20207)

Schaller, Spear and O'Connell, Js.

Argued January 16—officially released June 26, 2001

1

*Gary J. Wilson*, for the appellant (plaintiff).

*James L. Sullivan*, with whom was *James D. Moran, Jr.*, for the appellees (defendants).

*Opinion*

SCHALLER, J. The plaintiff, Richard Del Toro, appeals from the decision of the workers' compensation review board (board) affirming the denial by the workers' compensation commissioner (commissioner) of his motion to preclude the defendant city of Stamford[1] from contesting liability. On appeal, the plaintiff's sole claim is that the board improperly upheld the commissioner's decision on the ground that subject matter jurisdiction did not exist. We reverse the decision of the board.

The relevant facts as found by the commissioner are as follows. Between 1981 and 1996, the plaintiff was employed as a police officer for the defendant city. On or about November 30, 1985, the plaintiff, while working within the scope of his employment, was involved in a shooting incident that resulted in the death of a civilian. He thereafter sought treatment to address the potential psychological distress resulting from the shooting incident. On May 12, 1994, Mark Rubinstein, a physician, examined the plaintiff pursuant to the defendants' request and opined that the plaintiff did not require psychiatric treatment or psychological counseling with respect to the shooting incident. Approximately one year later, a psychiatrist concluded to the contrary and,

---

[1] The other defendant is the administrator of the city's workers' compensation insurance, Connecticut Interlocal Risk Management Agency.

as a result, the plaintiff began receiving psychiatric treatment in connection with the shooting incident.

On July 9, 1996, the plaintiff filed a form 30C[2] in which he alleged a repetitive trauma stress injury with a July 27, 1995 date of injury. The injury is described in the form as "officer involved shooting on 11-30-85." The defendants failed to contest the claim within twenty-eight days of receipt of written notice of the claim as mandated by General Statutes § 31-294c (b),[3] which

[2] A form 30C is the form prescribed by the workers' compensation commission of Connecticut for use in filing a notice of claim under the Workers' Compensation Act, General Statutes § 31-275 et seq.

[3] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. . . . If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwith-

establishes a conclusive presumption of liability if the employer fails to so contest. Consequently, on August 28, 1996, the plaintiff filed a motion to preclude the defendants from contesting liability. The commissioner denied that motion and, in doing so, accepted the defendants' argument that the plaintiff's injury was not a compensable "injury" within the meaning of General Statutes § 31-275 (16) (B) (ii).[4] That statute precludes recovery for a mental or emotional injury unless it arises from a "physical injury" or "occupational disease." Id.

The plaintiff then appealed to the board from the commissioner's decision. Although the defendants had failed to contest the claim within twenty-eight days as required by § 31-294c (b), the board affirmed the commissioner's ruling on the ground that the commissioner lacked jurisdiction over the injury alleged by the plaintiff. In support of its decision, the board relied on *Biasetti* v. *Stamford*, 250 Conn. 65, 735 A.2d 321 (1999). The plaintiff now appeals from the board's decision.[5]

standing the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

[4] General Statutes § 31-275 (16) (B) provides in relevant part: " 'Personal injury' or 'injury' shall not be construed to include . . . (ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ."

[5] Ordinarily, an appeal from the affirmance of the denial of a motion to preclude is not a final judgment because after a motion to preclude is denied, further proceedings will be held before the commissioner. See *Pereira* v. *State*, 228 Conn. 535, 538, 637 A.2d 392 (1994); *Timothy* v. *Upjohn Co.*, 3 Conn. App. 162, 165, 485 A.2d 1349 (1985). This case differs from the usual case because the board upheld the denial of the plaintiff's motion to preclude on the ground that it lacked subject matter jurisdiction because the plaintiff's injury fell beyond the ambient of workers' compensation coverage under *Biasetti* v. *Stamford*, supra, 250 Conn. 65. In reaching that conclusion, the board noted that "[o]ur conclusion, of course, permits the [plaintiff] to pursue whatever other legal remedy may be available to him." The board's ruling in this case is a final judgment because it forecloses any subsequent workers' compensation proceedings that might afford the plaintiff relief.

The plaintiff claims that the board improperly upheld the commissioner's decision denying the motion to preclude on the ground that subject matter jurisdiction did not exist. The crux of his claim is that the board mischaracterized the determination of whether the injury was compensable under § 31-275 (16) (B) (ii) as a jurisdictional matter, thereby circumventing the mandatory presumption of liability contained in § 31-294c (b). Such a determination, according to the plaintiff, does not implicate subject matter jurisdiction, and there is no claim questioning the existence of an employer-employee relationship. In response, the defendants argue that subject matter jurisdiction requires proof, not only of the employee-employer relationship, but also proof that the injury is the type of injury compensable under the Workers' Compensation Act, General Statutes § 31-275 et seq. We disagree.

Before addressing the merits of the plaintiff's claim, we set forth our standard of review applicable to workers' compensation appeals. "The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks

omitted.) *Dowling* v. *Slotnik*, 244 Conn. 781, 797–98, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998). Because this issue of statutory construction has not been subjected to judicial scrutiny, our review is plenary.

We begin by examining the statute that precludes the employer from contesting liability. Section 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested . . . . [A]n employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

Although the conclusive presumption contained in § 31-294c (b) is phrased in absolute language, it does not preclude the employer from challenging the commissioner's subject matter jurisdiction. *Castro* v. *Viera*, 207 Conn. 420, 427, 541 A.2d 1216 (1988). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . .

"This concept, however, is not limited to courts. Administrative agencies [such as the commission] are

tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . We have recognized that [i]t is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power. . . .

\* \* \*

"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." (Citations omitted; internal quotation marks omitted.) Id., 427–30. The dispositive question, therefore, is whether the compensability of an injury[6] is a jurisdictional issue so that the conclusive presumption of § 31-294c (b) does not apply. We answer that question in the negative.

The concept that subject matter jurisdiction encompasses the issue of the compensability of an injury finds no support in our case law. To the contrary, our case law reveals that, in the context of workers' compensation proceedings, subject matter jurisdiction is implicated only with issues concerning the existence of an employee-employer relationship; id., 430–37; or the proper initiation of the claim itself. *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534, 706 A.2d 984 (1998). Our courts have repeatedly refused to characterize as issues of subject matter jurisdiction claims involving whether an injury arose in the course of

---

[6] Here, the plaintiff claims an injury as defined under General Statutes § 31-275 (16) (B) (ii).

employment. In such circumstances, the courts precluded the employers from circumventing the conclusive statutory presumption of liability imposed if they failed to contest liability. *LaVogue* v. *Cincinnati, Inc.*, 9 Conn. App. 91, 93, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986); *Bush* v. *Quality Bakers of America*, 2 Conn. App. 363, 372–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). We also have concluded that subject matter jurisdiction does not include the issue of causation and, thus, does not allow the employer to circumvent the statutory presumption of liability. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 451, 615 A.2d 1066 (1992). Likewise, we conclude today that the issue of compensability of an injury does not implicate the subject matter jurisdiction of the commissioner and, accordingly, the statutory presumption of liability cannot be circumvented.

To hold otherwise would undermine the purpose of § 31-294c (b). "The manifest purpose of [that statute] is to ensure that employers investigate claims promptly and that employees be timely advised of the specific reason for the denial of their claim. . . . Extending the exception beyond that of subject matter jurisdiction would be at variance with the legislative intent." (Citation omitted.) Id., 448–49.

In the present case, the defendants' jurisdictional claim is illusory. It does not challenge the threshold matter of whether an employee-employer relationship existed or whether the claim was properly initiated. Rather, the defendants merely challenge whether the plaintiff's injury is the type of injury that is compensable under § 31-275 (16) (B) (ii). Relying on *Biasetti* v. *Stamford*, supra, 250 Conn. 65, the defendants reason, as did the board, that such a challenge is jurisdictional in nature. The defendants, however, misconstrue *Biasetti*. There, a police officer was involved in a shooting and

attempted to recover for mental stress arising from the incident. Our Supreme Court held that, under § 31-275 (16) (B) (ii), although mental stress is an "occupational disease," "the legislature [did not intend] to extend coverage to an emotional impairment that *is itself* an occupational disease." (Emphasis in original.) Id., 80. It is true that the court held that the injury was noncompensable, but nowhere in the opinion did it characterize the claim as a jurisdictional matter. Because the matter here does not implicate subject matter jurisdiction and the defendants failed to contest liability within twenty-eight days of receiving notice of the claim, we conclude that the plaintiff's motion for preclusion should have been granted, as the defendants' liability is conclusively presumed in accordance with § 31-294c (b).

The decision of the workers' compensation review board is reversed and the case is remanded to the board with direction to remand the matter to the workers' compensation commissioner for further proceedings consistent with this opinion.

In this opinion the other judges concurred.