CYNTHIA TOWER *v.* MILLER JOHNSON, INC., ET AL.
(AC 20684)

Landau, Mihalakos and Flynn, Js.

Argued September 24—officially released November 20, 2001

*Constance L. Epstein,* with whom, on the brief, were *Jack G. Steigelfest* and *Steven J. Barber,* for the appellants (defendants).

*John B. Cantarella,* for the appellee (plaintiff).

LANDAU, J. The defendants, Miller Johnson, Inc. (Miller Johnson), and its insurer, Utica Mutual Insurance Company (Utica), appeal from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) granting the motion of the plaintiff, Cynthia Tower, the widow of the decedent, to preclude the defendants from contesting her claim for workers' compensation benefits. We affirm the decision of the board.

The relevant facts as found by the commissioner are as follows. From March, 1988, until October 30, 1995, the decedent was employed by Miller Johnson, where he was exposed to chemicals used in the printing industry. On November 1, 1995, the decedent went to a hospital emergency room for treatment of pain he had suffered during the preceding four weeks. On November 5, 1995, he was diagnosed with pancreatic cancer. On February 18, 1996, he died at the age of thirty-four as a result of the disease.

On August 6, 1996, the plaintiff mailed a form 30C[1] to Miller Johnson and the district office of the workers' compensation commission (commission). A Miller Johnson agent received and accepted the form two days later. On the form, the plaintiff identified herself as the decedent's widow, alleged the date of the decedent's injury as November 5, 1995, and described his injury as pancreatic cancer due to years of exposure to chemicals while employed by Miller Johnson.

On October 15, 1996, the defendants filed a notice of intent to contest the claim on the ground that it did not meet the jurisdictional requirement that the decedent's

[1] A form 30C is the form prescribed by the workers' compensation commission in Connecticut for use in filing a notice of claim under the Workers' Compensation Act, General Statutes § 31-275 et seq.

condition be causally related to his work. The plaintiff responded with a motion to preclude the defendants from contesting liability because their notice of intent was untimely filed pursuant to General Statutes § 31-294c (b). The defendants objected to the motion.

In their objection, the defendants did not deny the untimely filing of the notice of intent, but argued that the commissioner did not have jurisdiction to grant the motion because there was no medical evidence that the decedent's injury was causally related to his employment. At the hearing on the motion, the plaintiff testified that she had not been advised by any medical professionals that her husband's cancer was related to his employment and that the only basis for the claim was her *suspicion* that it was so related.

In December, 1998, the commissioner granted the motion to preclude. The commissioner concluded that the plaintiff properly had alleged the date of the decedent's injury, how the decedent contracted the cancer that resulted in his death and the last place of employment where he was exposed to the chemicals alleged to have caused the disease.

The defendants appealed to the board, and the board affirmed the commissioner's decision on the ground that the issue of whether the claim would be successful on the merits was not relevant to a determination of the motion. This appeal followed.

The defendants' sole claim on appeal is that the commissioner improperly granted the motion to preclude because he did not first address the jurisdictional issue of whether the decedent's injury arose in the course of his employment. We disagree.

We begin by setting forth the standard of review applicable to workers' compensation appeals. "The principles that govern our standard of review in work-

ers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Schiano* v. *Bliss Exterminating Co.*, 57 Conn. App. 406, 411, 750 A.2d 1098 (2000). Here, because the relevant portion of § 31-294c (b) has been subjected to judicial scrutiny, the commissioner's conclusion must stand unless it resulted from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn therefrom. See id.

General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested . . . . [A]n employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

"Although the conclusive presumption contained in § 31-294c (b) is phrased in absolute language, it does not preclude the employer from challenging the commissioner's subject matter jurisdiction. *Castro* v. *Viera*, 207 Conn. 420, 427, 541 A.2d 1216 (1988). Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . .

"This concept, however, is not limited to courts. Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . We have recognized that [i]t is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power. . . .

\* \* \*

"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." (Internal quotation marks omitted.) *Del Toro* v. *Stamford*, 64

Conn. App. 1, 6–7, 779 A.2d 202, cert. denied, 258 Conn. 913, 782 A.2d 1242 (2001).

In *Del Toro*, we considered whether the compensability of an injury is a jurisdictional issue so that the conclusive presumption of § 31-294c (b) does not apply and concluded that "[t]he concept that subject matter jurisdiction encompasses the issue of the compensability of an injury finds no support in our case law. To the contrary, our case law reveals that, in the context of workers' compensation proceedings, subject matter jurisdiction is implicated only with issues concerning the existence of an employee-employer relationship; [*Castro* v. *Viera*, supra, 207 Conn. 430–37]; or the proper initiation of the claim itself. *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534, 706 A.2d 984 (1998). Our courts have repeatedly refused to characterize as issues of subject matter jurisdiction claims involving whether an injury arose in the course of employment. In such circumstances, the courts precluded the employers from circumventing the conclusive statutory presumption of liability imposed if they failed to contest liability. *LaVogue* v. *Cincinnati, Inc.*, 9 Conn. App. 91, 93, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986); *Bush* v. *Quality Bakers of America*, 2 Conn. App. 363, 372–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). We also have concluded that subject matter jurisdiction does not include the issue of causation and, thus, does not allow the employer to circumvent the statutory presumption of liability. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, [445–49], 615 A.2d 1066 (1992). Likewise, we conclude that the issue of compensability of an injury does not implicate the subject matter jurisdiction of the commissioner and, accordingly, the statutory presumption of liability cannot be circumvented." *Del Toro* v. *Stamford*, supra, 64 Conn. App. 7–8.

Here, as in *Del Toro*, the claim that the decedent's injury was unrelated to his employment does not present either of the threshold jurisdictional questions of whether an employee-employer relationship existed or whether the claim was properly initiated. Accordingly, the defendants' claim does not implicate the commissioner's subject matter jurisdiction and the statutory presumption of liability cannot be circumvented. See id., 8.

The defendants cite *Castro* v. *Viera*, supra, 207 Conn. 420, for the proposition that subject matter jurisdiction under Connecticut's workers' compensation law is also implicated in claims involving the issue of causation. The defendants, however, misconstrue *Castro*. The jurisdictional issue in *Castro* was whether the parties had an employer-employee relationship on the date of the alleged injury, not whether the injury arose out of and in the course of the plaintiff's employment. Id., 426–27. When the court stated in *Castro* that "the act was intended to be and is the exclusive remedy available where it appears that the necessary employer-employee relationship exists and the injury-producing transaction arises out or and in the course of that employment"; (internal quotation marks omitted) id., 426; it was speaking about the broad, remedial purpose of the act, not about jurisdictional prerequisites, as is plainly evident from the context in which the statement was made.

Moreover, four years after *Castro*, when we specifically considered the question of whether subject matter jurisdiction requires proof that the alleged injury arose out of and in the course of employment, we concluded that it did not. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 446–49. In *DeAlmeida*, we stated that "[t]o adopt the construction of the statute that would exclude the issue of causation from those matters subject to the doctrine of preclusion would be effectively to disregard our duty to interpret statutory

enactments in such a manner as to effectuate their manifest purpose or objective. . . . The language of [General Statutes (Rev. to 1987)] § 31-297 (b) [now § 31-294c (b)] is absolute in its terms. 'If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be *conclusively presumed* to have accepted the compensability of such alleged injury . . . and shall have no right thereafter to contest the *employee's right to receive compensation on any grounds or the extent of his disability.*' . . . General Statutes [Rev. to 1987] § 31-297 (b) [now § 31-294c (b)]. We are obligated to interpret the legislative meaning inherent in the statutory enactment. . . . Where the language used in a statutory enactment is clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretative guidance. . . . We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained. . . . We will not read into clearly expressed legislation provisions which do not find expression in its words. . . . The manifest purpose of the preclusion statute is to ensure that employers investigate claims promptly and that employees be timely advised of the specific reason for the denial of their claim. . . . Extending the exception beyond that of subject matter jurisdiction would be at variance with the legislative intent. . . .

"The case law in this area is also clear. While the issue of the requisite contract of employment is not barred by the conclusive presumption under § 31-297 (b) [now § 31-294c (b)] . . . the right to contest liability is, however, subject to the preclusive action of the commissioner where the defendant fails to file the requisite notice to contest liability within the time limited by statute. . . . Statutory and case law both demonstrate that the employer is precluded from asserting that an

injury did not arise out of and in the course of employment if it fails to contest liability." (Citations omitted; emphasis in original; internal quotation marks omitted.) *DeAlmeida* v. *M.C.M. Stamping Corp.*, supra, 29 Conn. App. 448–49.

Accordingly, we conclude that the commissioner correctly applied the law to the facts and properly granted the plaintiff's motion to preclude the defendants from contesting her claim on the ground of compensability.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.