[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION[1] RE: MOTION FOR JUDGMENT WITH PREJUDGMENT INTEREST PURSUANT TO C.G.S. § 52-192
The Plaintiff, Daniel Hughes has moved this Court to award him interest at a rate of twelve percent (12%) per annum on a verdict of one million six hundred ninety thousand ($1,690,000.00).[2]
On August 16, 1996, the Plaintiffs Daniel Hughes, his wife Jacqueline Hughes and their son Jeffrey Hughes filed a Complaint in the Superior Court against the Defendants UHaul Company, Et Al seeking damages related to an earlier automobile accident. On February 3, 1998, the Plaintiff Daniel Hughes filed an Offer of Judgment in the amount of six hundred fifty thousand dollars ($650,000), exclusive of costs against the defendant Harry Rearden in this matter.[3]
Section 52-192a of the Connecticut General Statutes concerns an offer of judgment by the plaintiff. Subsection 52-192a (a) provides that:
 (a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written "offer of judgment" signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the "offer of judgment" and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written "acceptance of offer of judgment" agreeing to a stipulation for judgment as contained in plaintiffs "offer of judgment". Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the "offer of judgment" is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the "offer of judgment" shall be considered rejected and not subject to acceptance unless refiled. Any such "offer of judgment" and any "acceptance of offer of judgment" shall be included by the clerk in the record of the case.
The record does not indicate, nor do the defendants assert that they accepted the offer of judgment within the thirty (30) day period provided by the statute.
Subsection 52-192a (b) provides in pertinent part that:
 After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment", the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the "offer of judgment" was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action.
The Court takes judicial notice that the date of February 3, 1998 is within eighteen (18) months of the date of August 16, 1996, the date of filing the complaint.
The defendants in this matter have filed an objection to the plaintiffs Motion for Judgment with Pretrial Interest. They assert that the plaintiffs seek interests in regard to the claim of the plaintiff Daniel Hughes only and therefore the Offer of Judgment statute is not applicable.
The defendants assert that the language in the statute "speaks of a singular plaintiff and makes no reference to a situation where there are multiple plaintiffs such as in this case." The defendants do not present any case law or statutory history to support their position. Furthermore, this Court finds this argument to be unpersuasive. There is nothing in the statutory language that limits offers of judgments to cases in which there is only one plaintiff Since there is no limiting language this Court will not apply such limitations.
 "We are obligated to interpret the legislative meaning inherent in the statutory enactment. . . . Where the language used in a statutory enactment is clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretative guidance. . . . We are bound to interpret legislative intent by referring to what the legislative text contains, not by what it might have contained. . . . We will not read into clearly expressed legislation provisions which do not find expression in its words. (Internal quotation marks omitted.) Tower v. Miller Johnson, Inc., 67 Conn. App. 71, 78, 787 A.2d 26 (2001). "[I]t is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) State v. Russo, supra, 447-48.
 State v. Wegman, 70 Conn. App. 171, 181 (2002).
The plaintiff in the instant action offered to take a judgment to settle his individual case as to all of the issues related to him and therefore fulfilled his statutory obligations pursuant to § 52-192a. There is nothing in the statutory language that requires that the offer of judgment address all of the individual plaintiffs in a legal action. The plaintiff in the instant action offered to take judgment to settle the matters concerning his cause of action, he is therefore entitled to the benefits of the statute.
The Court calculates that Offer of Judgment Interest as follows:
Jury Verdict for Daniel Hughes $1,690,000.00
 Collateral Source Reduction $ 24,690.58 ------------- Subtotal $1,665,309.42
 Interest (2236 days @ $555.10 per day) $1,241,210.62[4]
------------- Total $2,906,520.04
The Court further enters costs in amount of seventeen thousand seven hundred thirty two dollars and twenty-eight cents ($17,732.28) in accordance with the stipulation as to cost that was made between the parties.
Judgment shall enter in favor of the plaintiff Daniel Hughes in the amount of two million nine hundred six thousand five hundred twenty dollars and four cents ($2,906,520.04) plus costs of seventeen thousand seven hundred thirty two dollars and twenty eight cents ($17,732.28). So ordered.
 ___________________ Richard A. Robinson January 16, 2003