RICHARD DEL TORO *v.* CITY OF STAMFORD ET AL.
(SC 17050)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 23—officially released August 10, 2004

*James L. Sullivan*, with whom, on the brief, was *James D. Moran, Jr.*, for the appellants (defendants).

*Gary J. Wilson*, for the appellee (plaintiff).

534

KATZ, J. The sole issue in this certified appeal[1] is whether the compensability of a particular injury, under the Workers' Compensation Act (act); General Statutes § 31-275 et seq.; implicates the subject matter jurisdiction of a workers' compensation commissioner. The defendants, the city of Stamford (city) and its workers' compensation provider, Connecticut Interlocal Risk Management Agency, appeal from the judgment of the Appellate Court ordering summary affirmance of the decision of the workers' compensation review board (board), which had affirmed the decision of the workers' compensation commissioner for the seventh district (commissioner) granting the motion by the plaintiff, Richard Del Toro, to preclude the defendants from contesting liability for his disability benefitspursuant to General Statutes § 31-294c (b)[2] of the

---

[1] We granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the question of whether a particular injury is compensable does not involve the subject matter jurisdiction of the workers' compensation commissioner?" *Del Toro* v. *Stamford*, 265 Conn. 913, 831 A.2d 248 (2003).

[2] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced

## act.[3] Specifically, the defendants claim that the Appel-

payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death."

[3] Prior to this appeal, the defendants unsuccessfully sought relief in this court from the Appellate Court's judgment reversing the decision of the board, which had affirmed the decision of the commissioner denying the plaintiff's motion to preclude the defendants from contesting liability pursuant to § 31-294c (b). See *Del Toro* v. *Stamford*, 258 Conn. 913, 782 A.2d 1242 (2001). On the basis of its determination that "the issue of compensability of an injury does not implicate the subject matter jurisdiction of the commissioner," the Appellate Court reversed the board's decision and remanded the case to the board with direction to remand the case to the commissioner. *Del Toro* v. *Stamford*, 64 Conn. App. 1, 8–9, 779 A.2d 202 (2001). On remand, the commissioner granted the plaintiff's motion to preclude the defendants from contesting liability. Accordingly, the commissioner ordered the defendants to accept compensability of the plaintiff's injury, but did not determine an award pursuant to the act. The defendants then again appealed to the board, which, noting its obligation to follow the direction of the Appellate Court, upheld the commissioner's order. The defendants thereafter appealed the board's decision to the Appellate Court and the plaintiff filed a motion to dismiss the defendants' appeal on res judicata and stare decisis grounds. The Appellate Court, treating the plaintiff's motion as a motion for summary affirmance, granted the motion in light of its previous decision in *Del Toro* v. *Stamford*, supra, 64 Conn. App. 8. We thereafter granted the defendants' petition for certification to appeal. *Del Toro* v. *Stamford*, 265 Conn. 913, 831 A.2d 248 (2003); see footnote 1 of this opinion.

We note that this case presents the issue of whether the board's decision, affirming the commissioner's granting of the plaintiff's motion to preclude, was a final judgment. We need not address this issue, however, because on

late Court improperly affirmed the decision of the board, based on the court's previous improper determinations that: (1) the compensability of a particular injury under the act does not implicate the subject matter jurisdiction of the commissioner; and (2) the defendants therefore were barred from contesting liability because their notice pursuant to § 31-294c (b) had been untimely. See *Del Toro* v. *Stamford*, 64 Conn. App. 1, 8–9, 779 A.2d 202, cert. denied, 258 Conn. 913, 782 A.2d 1242 (2001). We agree with the defendants and, accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court's initial opinion in this matter sets forth the following relevant facts and procedural history. "Between 1981 and 1996, the plaintiff was employed as a police officer for the . . . city. On or about November 30, 1985, the plaintiff, while working within the scope of his employment, was involved in a shooting incident that resulted in the death of a civilian. He thereafter sought treatment to address the potential psychological distress resulting from the shooting incident. On May 12, 1994, Mark Rubinstein, a physician, examined the plaintiff pursuant to the defendants' request and opined that the plaintiff did not require psychiatric treatment or psychological counseling with respect to the shooting incident. Approximately one year later, a psychiatrist concluded to the contrary and, as a result, the plaintiff began receiving psychiatric treatment in connection with the shooting incident.

"On July 9, 1996, the plaintiff filed a form 30C[4] in which he alleged a repetitive trauma stress injury with

March 24, 2004, the Chief Justice, sua sponte, granted certification of this appeal pursuant to General Statutes § 52-265a (a) (authorizing appeal "in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice").

[4] "A form 30C is the form prescribed by the workers' compensation commission . . . for use in filing a notice of claim under the [act] . . . ." *Del Toro* v. *Stamford*, supra, 64 Conn. App. 3 n.2.

a July 27, 1995 date of injury. The injury is described in the form as 'officer involved shooting on 11-30-85.' The defendants failed to contest the claim within twenty-eight days of receipt of written notice of the claim as mandated by . . . § 31-294c (b), which establishes a conclusive presumption of liability if the employer fails to so contest. Consequently, on August 28, 1996, the plaintiff filed a motion to preclude the defendants from contesting liability. The commissioner denied that motion and, in doing so, accepted the defendants' argument that the plaintiff's injury was not a compensable 'injury' within the meaning of General Statutes § 31-275 (16) (B) (ii).[5] That statute precludes recovery for a mental or emotional injury unless it arises from a 'physical injury' or 'occupational disease.' . . .

"The plaintiff then appealed to the board from the commissioner's decision. Although the defendants had failed to contest the claim within twenty-eight days as required by § 31-294c (b), the board affirmed the commissioner's ruling on the ground that the commissioner lacked jurisdiction over the injury alleged by the plaintiff." (Citation omitted.) Id., 2–4. In support of its decision, the board relied on *Biasetti* v. *Stamford*, 250 Conn. 65, 79–80, 735 A.2d 321 (1999), wherein this court concluded that, although post-traumatic stress disorder *itself* is an occupational disease, it is not a compensable personal injury under the act, because § 31-275 (16) (B) (ii) defines "personal injury" to include only those emotional or mental impairments that *arise from* or are

---

[5] General Statutes § 31-275 (16) provides in relevant part: "(A) 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease.

"(B) 'Personal injury' or 'injury' shall not be construed to include . . .

"(ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ."

caused by a physical injury or an occupational disease. Therefore, the board reasoned that, because the plaintiff's claim of post-traumatic stress disorder in the present case did not fall within the scope of the act, the commissioner lacked subject matter jurisdiction over his claim.

The plaintiff subsequently appealed to the Appellate Court, which reversed the board's decision. Specifically, the court recognized that, "[a]lthough the conclusive presumption contained in § 31-294c (b) is phrased in absolute language, it does not preclude the employer from challenging the commissioner's subject matter jurisdiction." *Del Toro* v. *Stamford*, supra, 64 Conn. App. 6. The court stated, however, that the only issues that implicate subject matter jurisdiction are those concerning the existence of an employer-employee relationship and the proper initiation of a claim itself. Id., 7; see *Castro* v. *Viera*, 207 Conn. 420, 427–30, 541 A.2d 1216 (1988); *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 534–35, 706 A.2d 984 (1998). The court therefore concluded that "the issue of compensability of an injury does not implicate the subject matter jurisdiction of the commissioner and, accordingly, the statutory presumption of liability cannot be circumvented." *Del Toro* v. *Stamford*, supra, 8. The court remanded the case to the board, with instructions to remand the case to the commissioner. Id., 9. The commissioner subsequently granted the plaintiff's motion to preclude the defendants from contesting liability, and the board upheld its decision. The defendants thereafter appealed from the board's decision to the Appellate Court, which summarily affirmed the decision. See footnote 3 of this opinion. This certified appeal followed.[6]

---

[6] On April 7, 2004, this court accepted the offer of the Workers' Compensation Section of the Connecticut Bar Association to provide an outline of relevant cases to supplement those presented by the parties in their briefs on this issue. That outline was filed on April 16, 2004.

The defendants claim that the question of whether a particular type of injury is compensable under the act implicates the subject matter jurisdiction of the commissioner because the workers' compensation commission, an administrative agency whose jurisdiction is created solely by the act, has statutory authority to award benefits only for a limited class of injuries. Put another way, the defendants contend that, if the commissioner does not have the authority to award benefits for the particular type of injury claimed by the plaintiff; see *Biasetti* v. *Stamford*, supra, 250 Conn. 80; he is therefore without jurisdiction to entertain the plaintiff's claim. See *Castro* v. *Viera*, supra, 207 Conn. 427. The plaintiff contends, in response, that the question of whether a particular injury is compensable under the act is not jurisdictional in nature. We agree with the defendants.

Before addressing the merits of the defendants' claim, we set forth the standard of review applicable to workers' compensation appeals. "It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Whe[n] . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Internal quotation marks omitted.) *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 532, 829 A.2d 818 (2003). "[I]f jurisdiction exists allowing the commissioner to [award benefits for the emotional impairment claimed by the plaintiff in the present case], such authority must be found in the act itself. As a result, the jurisdictional question in this appeal presents, at

bottom, a matter of statutory interpretation." (Internal quotation marks omitted.) *Matey* v. *Estate of Dember*, 256 Conn. 456, 480, 774 A.2d 113 (2001). Accordingly, our review is plenary.

We begin with our settled principles of statutory interpretation. Our legislature recently enacted No. 03-154, § 1, of the 2003 Public Acts, which provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." In the present case, the relevant statutory text and its relationship to other statutes do not reveal a meaning that is plain and unambiguous with respect to whether the compensability of an injury under the act implicates the subject matter jurisdiction of the commissioner. Accordingly, our analysis is not limited and we look to other factors relevant to the inquiry into the meaning of the act, including its legislative history and the circumstances surrounding its enactment and its purpose.

As a preliminary matter, we set forth our well established principles of subject matter jurisdiction applicable to workers' compensation proceedings. "The primary statutory provision establishing the subject matter jurisdiction of the commissioner is General Statutes . . . § 31-278.[7] [That statute] provides in relevant

[7] General Statutes § 31-278 provides in relevant part: "Each commissioner shall, for the purposes of this chapter, have power to summon and examine under oath such witnesses, and may direct the production of, and examine or cause to be produced or examined, such books, records, vouchers, memoranda, documents, letters, contracts or other papers in relation to any matter at issue as he may find proper, and shall have the same powers in reference thereto as are vested in magistrates taking depositions and shall have the power to order depositions pursuant to section 52-148. He shall have power to certify to official acts and shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of this chapter.

part that each commissioner shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of [the act]. . . . [Each commissioner] shall have jurisdiction of all claims and questions arising . . . under [the act] . . . . [*Stickney* v. *Sunlight Construction, Inc.*, 248 Conn. 754, 762, 730 A.2d 630 (1999)]. Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. *Castro* v. *Viera*, [supra, 207 Conn. 428]. Long ago, we said that the jurisdiction of the [workers' compensation] commissioners is confined by the [a]ct and limited by its provisions. Unless the [a]ct gives the [c]ommissioner the right to take jurisdiction over a claim, it cannot be conferred upon [the commissioner] by the parties either by agreement, waiver or conduct. . . . While it is correct that the act provides for proceedings that were designed to facilitate a speedy, efficient and inexpensive disposition of matters covered by the act . . . the charter for doing so is the act itself. The authority given by the legislature is carefully circumscribed and jurisdiction under the act is clearly defined and limited to what are clearly the legislative concerns in this remedial statute. . . . Id., 426–27. A commissioner may exercise jurisdiction to hear a claim only under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997); see also *Kinney* v. *State*, 213 Conn. 54, 60, 566 A.2d 670 (1989); *Gagnon* v. *United Aircraft Corp.*, 159 Conn. 302, 305, 268 A.2d 660 (1970). Because of the statutory nature of our workers' compensation system, policy determinations as to

Each commissioner shall hear all claims and questions arising under this chapter in the district to which the commissioner is assigned and all such claims shall be filed in the district in which the claim arises . . . ."

what injuries are compensable and what jurisdictional limitations apply thereto are for the legislature, not the judiciary or the board, to make. *Discuillo* v. *Stone & Webster*, supra, 577." (Internal quotation marks omitted.) *Matey* v. *Estate of Dember*, supra, 256 Conn. 481–82.

With these principles in mind, we turn to the defendants' claim. As with all issues of statutory interpretation, we begin with the relevant statutory language. Section 31-294c (b) provides in relevant part: "[A]n employer who fails to contest liability for an alleged injury . . . on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury . . . on or before such twenty-eighth day, shall be *conclusively presumed* to have accepted the compensability[8] of the

[8] It is important to note that the issue in the present case does not concern the compensability of an individual claim, in terms of a particular employer's liability to its employee on the merits of a specific claim. A broad casting of the term "compensability" encompasses issues of *causation*, which clearly do not implicate the subject matter jurisdiction of the commissioner. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 449, 615 A.2d 1066 (1992) ("[w]e conclude that the issue of causation does not affect the subject matter jurisdiction of the commissioner"). Rather, in the present case, we are concerned with the compensability of a *type of injury* and whether the act authorizes the commissioner to award benefits for that type of injury in the first instance. This distinction resolves any tension between the purpose of the conclusive presumption in § 31-294c (b) and our well established principles of subject matter jurisdiction.

In drafting the language of the conclusive presumption, the legislature intended to diminish unnecessary and prejudicial delays in workers' compensation proceedings. See *Menzies* v. *Fisher*, 165 Conn. 338, 342–43, 334 A.2d 452 (1973). With this goal in mind, the statute was structured such that an employer who does not contest liability within twenty-eight days of receiving adequate notice of a claim, "shall be conclusively presumed to have accepted the *compensability* of the alleged injury . . . ." (Emphasis added.) General Statutes § 31-294c (b). Subject matter jurisdiction principles, however, prevent this bar from applying to a claim that never fell within the scope of the act in the first instance. Furthermore, "[s]ubject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." *Castro* v. *Viera*, supra, 207 Conn. 429–30. Therefore, in order to read the statute in harmony with these jurisdictional requirements, we must

alleged injury . . . ." (Emphasis added.) Notwithstanding this directive, we previously have established that this conclusive presumption does *not* prevent an employer from contesting liability on the basis that the commissioner lacks subject matter jurisdiction. See *Castro* v. *Viera*, supra, 207 Conn. 430 (conclusive presumption of General Statutes [Rev. to 1987] § 31-297 [b], which is similar to § 31-294c [b], does not bar employer from contesting liability when "question of lack of subject matter jurisdiction has been squarely presented to commissioner"). In other words, the employer can always contest the existence of "jurisdictional facts."[9]

Because we have not determined expressly whether the compensability of a type of injury under the act is

utilize a more narrow definition of compensability in determining whether the defendants may challenge the subject matter jurisdiction of the commissioner, on the ground that the post-traumatic stress disorder claimed by the plaintiff is not a compensable personal injury under § 31-275 (16) (B) (ii).

[9] A "jurisdictional fact" is a fact that will permit a court to find jurisdiction. See *Castro* v. *Viera*, supra, 207 Conn. 433 n.7 and 433–34. Specifically, with regard to subject matter jurisdiction, jurisdictional facts are "[f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Internal quotation marks omitted.) Id., 434, quoting *Valenzuela* v. *Singleton*, 100 N.M. 84, 87, 666 P.2d 225 (1982), aff'd sub nom. *Allsup's Convenience Stores, Inc.* v. *Valenzuela*, 100 N.M. 84, 666 P.2d 225 (1983).

We note that the present case does not implicate the *traditional* jurisdictional fact doctrine, under which the factual findings of the commissioner are not conclusive when they concern facts upon which the workers' compensation commission's jurisdiction depends in the first instance. See 8 A. Larson & L. Larson, Workers' Compensation Law (2000) § 130.07, pp. 130–31 ("[t]he jurisdictional fact doctrine, now largely discredited, held that the findings of the [board] could not be deemed conclusive when they related to facts on which the jurisdiction of the [b]oard to act in the first place depended"). In the present case, we must determine whether the compensability of a type of injury is a jurisdictional fact upon which the commissioner can establish jurisdiction. In so doing, we do not review any of the commissioner's factual findings. Accordingly, the traditional jurisdictional fact doctrine is not implicated here.

a jurisdictional fact,[10] we begin for comparative purposes by consulting those facts previously held to be jurisdictional as well as those that have been held to be nonjurisdictional in workers' compensation matters. It is well settled that, in the context of a workers' compensation proceeding, issues of causation, such as whether an injury arose out of and in the course of employment, have not been held to be jurisdictional facts. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 449, 615 A.2d 1066 (1992). By contrast, the existence of an employer-employee relationship; see *Castro* v. *Viera*, supra, 207 Conn. 433; and the proper initiation of a claim in the first instance under § 31-294c; see *Estate of Doe* v. *Dept. of Correction*, 268 Conn. 753, 757, 848 A.2d 378 (2004); are jurisdictional facts. That being the case, we never have determined that these are the *only* such jurisdictional facts. We note at the outset that compensability of a type of injury is more akin to those facts that have been held to be jurisdictional, in workers' compensation proceedings, than those that have been held to be nonjurisdictional. The commonality is that the compensability of a type of injury, the existence of the employer-employee relationship and the proper initiation of a claim, are all issues that implicate the threshold question of whether an entire category of claims falls under the scope of

---

[10] In this regard, we note an apparent internal inconsistency in the Appellate Court on the specific issue of whether the commissioner has jurisdiction over an injury that is not covered under § 31-275 (16) (B) (ii). Compare *Sanford* v. *Clinton Public Schools*, 54 Conn. App. 266, 272, 732 A.2d 827, cert. denied, 251 Conn. 917, 740 A.2d 865 (1999) ("[b]ecause the plaintiff's claim for benefits . . . does not fit within the parameters of § 31-275 [16] [B] [ii]; we conclude that the commissioner properly dismissed the claim for jurisdictional reasons") with *Del Toro* v. *Stamford*, supra, 64 Conn. App. 9 (compensability under § 31-275 [16] [B] [ii] does not implicate subject matter jurisdiction) and *Tower* v. *Miller Johnson, Inc.*, 67 Conn. App. 71, 76, 787 A.2d 26 (2001) (concluding, on basis of court's decision in *Del Toro*, "that the issue of the compensability of an injury does not implicate the subject matter jurisdiction of the commissioner and, accordingly, the statutory presumption of liability cannot be circumvented").

the act. By contrast, issues of causation typically are addressed only after the threshold question of jurisdiction has been established.

The act authorizes the commissioner to award workers' compensation benefits only for "personal injuries." See *Stickney* v. *Sunlight Construction, Inc.,* supra, 248 Conn. 762 ("the commissioner's subject matter jurisdiction is limited to adjudicating claims arising under the act, that is, claims by an injured employee seeking compensation from his employer for injuries arising out of and in the course of employment"). Section 31-275 (16) defines the term "personal injury" as follows: "(A) 'Personal injury' or 'injury' includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease. (B) 'Personal injury' or 'injury' shall not be construed to include . . . (ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ." Accordingly, an injury that does not fall within the definition of personal injury, as defined by § 31-275 (16), is not compensable under the act.

In *Discuillo* v. *Stone & Webster,* supra, 242 Conn. 574, we recognized that there are three categories of claims that are compensable under the act: accidental injury; occupational disease; and repetitive trauma. Although *Discuillo* concerned the statutory filing period under a different section of the act, our observations in that case concerning the subject matter jurisdiction of the commissioner apply with equal force in the present case because the ultimate issue in both cases is whether the commissioner had jurisdiction. In *Discuillo,* we concluded that, "for a commissioner to have jurisdiction over a claim, that claim must fit within the

existing jurisdictional provisions of [the act]. In other words, for the purposes of jurisdiction, every cognizable claim must be considered as stemming from either an 'accident' or an 'occupational disease' as those terms are used in [the act]." Id., 577. Therefore, if a claimed injury is not a "personal injury" under the act—that is, it did not arise from an occupational disease, accidental injury or repetitive trauma—then the commissioner does not have jurisdiction over the claim.

Whether the plaintiff's injury in the present case qualifies as a personal injury under § 31-275 (16) (B) (ii) is controlled by our decision in *Biasetti* v. *Stamford*, supra, 250 Conn. 65. In *Biasetti*, a police officer sought compensation for post-traumatic stress disorder arising from a shooting incident that had occurred while he was on duty. Id., 67–69. We concluded that he did not have a compensable injury, because, although post-traumatic stress disorder *itself* is an occupational disease, § 31-275 (16) (B) (ii) was intended to cover only mental or emotional impairments that *arose from*, or were caused by, an occupational disease or physical injury. Id., 79. In so concluding, we stated: "Section 31-275 (16) (B) (ii) includes within the definition of 'personal injury' an emotional impairment that *arises from* or is caused by a physical injury or occupational disease. It does not, however, extend coverage to an emotional impairment *which itself is* an occupational disease. To conclude otherwise would be to ignore the causation requirement encompassed within the term 'arises.'" (Emphasis in original.) Id. As in *Biasetti*, the plaintiff in the present case is a police officer who claimed to have developed post-traumatic stress disorder after having been involved in a shooting incident while on duty. *Del Toro* v. *Stamford*, supra, 64 Conn. App. 2. Similarly, it is undisputed that the plaintiff's sole claimed injury is that he suffers from post-traumatic stress disorder, which,

pursuant to *Biasetti*, is precluded from coverage under the act.

Therefore, in the present case, we conclude that compensability, in terms of whether a type of injury falls within the scope of the act, is a jurisdictional fact that would allow an employer to contest liability beyond the time frame allotted by § 31-294c (b). Consequently, if a claimed injury does not fall within one of the compensable personal injury categories under the act, then the commissioner does not have jurisdiction over the claim. Hence, because the emotional impairment claimed by the plaintiff in the present case does not fall within the scope of the act, we conclude that the commissioner and the board initially properly denied the plaintiff's motion to preclude the defendants from contesting liability. See footnote 3 of this opinion.

In reaching this conclusion, we note that it comports with the intent of the legislature to reduce costs and promote efficiency in workers' compensation proceedings. Specifically, § 31-275 (16) (B) (ii) was amended in 1993 to reflect a more restrictive definition of the term "personal injury." This amendment was part of a comprehensive scheme to reform the act. See Public Acts 1993, No. 93-228, § 1; see also *Biasetti* v. *Stamford*, supra, 250 Conn. 77–78. "We have noted previously that the principal thrust of these reforms was to cut costs in order to address the spiraling expenses required to maintain the system." *Rayhall* v. *Akim Co.*, 263 Conn. 328, 346, 819 A.2d 803 (2003); see also *Schiano* v. *Bliss Exterminating Co.*, 260 Conn. 21, 40, 792 A.2d 835 (2002); *Gartrell* v. *Dept. of Correction*, 259 Conn. 29, 42–43, 787 A.2d 541 (2002); *Barton* v. *Ducci Electrical Contractors, Inc.*, 248 Conn. 793, 815–16, 730 A.2d 1149 (1999). Moreover, we note that, "[a]lthough the [act] should be broadly construed to accomplish its humanitarian purpose . . . its remedial purpose cannot transcend its statutorily defined jurisdictional boundaries."

(Citations omitted; internal quotation marks omitted.) *Dowling* v. *Slotnik*, 244 Conn. 781, 800, 712 A.2d 396 (1998). Accordingly, because the compensability of the type of injury claimed by the plaintiff negates the subject matter jurisdiction of the commissioner, the defendants may contest liability in the present case on that basis.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the board with direction that it be remanded to the commissioner for further proceedings according to law.

In this opinion the other justices concurred.